VANDERBILT AMUSEMENT CO., INC., Appellant, v. EDWARD ROYCE, Respondent.

First Department, March 19, 1926.

**Trial — dismissal at close of evidence is on merits under Civil Practice Act, § 482, unless otherwise stated — counterclaim dismissed at first trial on merits cannot be litigated on second trial in absence of reversal.**

The dismissal of a counterclaim at the close of the case is, unless otherwise stated, a dismissal on the merits under section 482 of the Civil Practice Act, and where a counterclaim is so dismissed on the first trial of an action and the dismissal is not reversed, the defendant cannot litigate the counterclaim on a second trial.

APPEAL by the plaintiff, Vanderbilt Amusement Co., Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 11th day of March, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of April, 1924, as resettled by an order entered in said clerk's office on the 14th day of May, 1924, denying plaintiff's motion for a new trial made upon the minutes.

*O'Brien, Malevinsky & Driscoll* [*M. L. Malevinsky* of counsel; *Joseph Walker Magrauth* with him on the brief], for the appellant.

*David M. Neuberger*, for the respondent.

McAVOY, J. The issues to be determined at Trial Term were whether or not the two contracts involved, to wit, defendant's contract with the amusement company and the Moran-Montgomery contract, were rescinded, canceled and annulled by mutual consent; and whether in consideration thereof defendant agreed to return the $4,000 which he had received as an advance on the amusement company contract.

On these issues the contention of plaintiff was that there had

been such a cancellation and annulment and such a promise to repay. The contention of the defendant was that the Moran-Montgomery contract had been canceled and annulled by mutual consent, but that there had been no such cancellation of the amusement company contract. That is to say, the defendant advanced the contention that he had been willing to cancel the contract whose effects were to give him additional compensation for the same services which he remained obligated to render under the contract which remained uncanceled, and which were further effective to give him the privilege of doing outside work for other producers from which he was absolutely precluded by the contract which he claimed remained in force. This contention involved the argument that he was willing to give up a contract which was in every one of its terms beneficial to him and to him alone, leaving in full force and effect a correlative contract under which he was required to perform exactly the same services for less compensation and without the opportunity of increasing his income by outside work. However improbable this culmination of the parties' negotiations appeared, nevertheless this contention prevailed with the jury and there is probable cause to believe that this result eventuated because the trial court admitted evidence in support of a counterclaim which, although no longer *in esse*, because it had been dismissed on a former trial, was nevertheless permitted to be litigated as though still alive.

The counterclaim which was originally pleaded by the defendant in his answer had no place whatever in the trial which resulted in the judgment appealed from, for the reason that on the former trial this counterclaim was dismissed by the court at the close of the evidence, and not having been reinstated in any way it was entirely disposed of so far as the present action is concerned.

The situation was one covered by the express language of section 482 of the Civil Practice Act which (omitting certain irrelevant language) reads as follows: " A dismissal of a   *   *   *   counterclaim at the close of the whole evidence, is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice."

When the trial now under review was had the counterclaim had been dismissed and this dismissal was without any recital as to its being without prejudice. All that had occurred was the following, at the close of the testimony: " [Plaintiff's Counsel]: I move to dismiss the counterclaim on the ground that there is absolutely no evidence here to sustain the counterclaim. The Court: Motion granted."

The stipulation on the record shows that no further proceedings had been taken by either side with respect to such dismissal. It follows that as the matter then stood, a new action could not have been brought upon the alleged cause of action set forth in the counterclaim, and *a fortiori* the counterclaim could not legally be tried all over again in the same action. So far as the counterclaim was concerned the situation was exactly the same as was stated in the opinion of the Appellate Division of the Third Department with respect to a dismissal of a complaint in *Pierce* v. *Atlantic, Gulf & Pacific Co.* (159 App. Div. 258, 261): " When the original motion [to dismiss the complaint] was determined in his [defendant's] favor, there was an end of the case," etc.

The force of the above language is in no way affected by the reversal of the decision of the Appellate Division by the Court of Appeals in 216 New York, 209, as the point considered by the Court of Appeals was not the effect of the dismissal but whether or not there should have been any dismissal.

So far as the counterclaim is concerned, the rule stated by the Court of Appeals in *Stowell* v. *Chamberlain* (60 N. Y. 272, 276) applies: " The rule is, as is claimed by the appellant, that one shall not be twice vexed for one and the same cause, and that an allegation of record, upon which issue has been taken and found, is between the parties taking it and their privies conclusive, according to the finding thereof, so as to estop the parties from again litigating the fact once so tried."

No ruling anywhere permits a counterclaim which has been dismissed upon a first trial of the action to be litigated all over again on a second trial of the same action made necessary by disagreement of the jury on the first trial when the other issues as to plaintiff's cause of action were submitted to it.

There being no authority or precedent tending to support defendant's alleged right to litigate the counterclaim in this action after it had been dismissed, the judgment must be reversed for that reason alone and a new trial ordered on the defenses which were properly set up, as it may not be determined that the finding in defendant's behalf was made on them alone.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, MERRELL, FINCH and MARTIN, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.