SHERMAN P. VOORHEES, Plaintiff, *v.* EDWARD B. DENNIE and Another, Defendants.

Supreme Court, Chemung County, February 10, 1928.

**Judgments — former judgment — default judgment on counterclaim not bar to subsequent action — Civil Practice Act, § 482, construed and applied.**

The plaintiff herein interposed a counterclaim in a prior action against him by the defendant herein, but he defaulted on the trial and judgment was entered

in favor of the plaintiff in that action without any reference to the counterclaim. The contention that under section 482 of the Civil Practice Act the default judgment was a determination of the counterclaim on the merits cannot be sustained. Under that section there must be a litigation of the subject-matter of the counterclaim before there can be a final determination barring a subsequent suit thereon.

MOTION by the defendant Dennie for summary judgment dismissing the complaint, the application being based upon the summons, complaint and affidavits.

*Henry, Denton & McCann,* for the plaintiff.

*McDowell & McDowell,* for the defendant Edward B. Dennie.

RHODES, J.   Prior to the commencement of this action, plaintiff herein was sued by the defendant Dennie to recover on a note for $4,500 and interest, and in that action the defendant therein, the present plaintiff, set up a counterclaim upon a note for $6,000 upon which said Voorhees and Dennie were indorsers, alleging that said Voorhees had paid said note and demanded contribution from Dennie as coindorser.   The action was brought to trial; Voorhees defaulted in offering any proof or appearing at said trial.   A decision was made awarding judgment to the plaintiff for the amount demanded in the complaint, with interest and costs, and judgment by default was rendered in Dennie's favor therefor.   No proof was adduced upon the counterclaim.   It is not referred to in the decision or judgment in any way.

Plaintiff herein now brings an action against said Dennie for the same cause of action alleged in the counterclaim in the former action.   Defendant asserts that the judgment in the former action was a determination upon the merits of said counterclaim, and, therefore, a bar to the present action under the provisions of section 482 of the Civil Practice Act.   This section is derived from former section 1209 of the Code of Civil Procedure.   In its original form, as contained in the Code of Civil Procedure, the section provided that a final judgment dismissing a complaint should not prevent a new action for the same cause unless it was expressly declared or appeared by the judgment roll that it was rendered upon the merits.   The present section provides in substance that a dismissal of a counterclaim at the close of defendant's evidence, or at the close of the whole evidence, is a final determination of the merits unless the court shall dismiss without prejudice.   It seems to me that the obvious meaning of the section is that there must be a litigation of the subject-matter before there can be a final determination barring a subsequent suit.   In *Wagner Trading Co.* v. *Radillo* (205 App. Div. 833) the court said: " The complaint was

dismissed at the close of plaintiff's case for failure of proof, and, therefore, it was improper to enter a judgment dismissing the complaint upon the merits." The rule as to the effect of a dismissal of a complaint applies to a counterclaim. (See *Honsinger* v. *Union Carriage & Gear Co.*, 175 N. Y. 229; Civ. Prac. Act, § 424. See, also, *Miller* v. *McGuckin*, 15 Abb. N. C. 204.)

Defendant relies upon the case of *Vanderbilt Amusement Co.* v. *Royce* (216 App. Div. 195) but in that case it appears that the counterclaim was dismissed by the court at the close of the evidence; consequently the matters in issue were litigated and the judgment entered thereon was, of course, a bar.

In the case at bar the matters embraced in the complaint were not litigated in the former action, and, therefore, the determination of the former action is not a bar herein. The defendant's motion should be denied, with ten dollars costs.