GERITH REALTY CORPORATION, Plaintiff, *v.* NORMANDIE NATIONAL SECURITIES CORPORATION and Others, Defendants.*

Supreme Court, New York County, May 26, 1933.

*Edward Siegel,* for the plaintiff.

*Oppenheimer, Haiblum & Kupfer,* for the defendants Benjamin Lissberger and another.

*Olvany, Eisner & Donnelly,* for the defendant John David.

*Abram M. Frumberg,* for the defendant George B. Kennedy.

*Strauss, Reich & Boyer,* for the defendant Franklin Simon.

*Baldwin, Hutchins & Todd,* for the defendants Maurice Monheimer and others.

VALENTE, J.   Five motions to dismiss a complaint made by various defendants under rule 107 of the Rules of Civil Practice upon affidavits to the effect (1) that another action for the same relief has resulted in a judgment; (2) that there is another action

* Affd., 241 App. Div. 717; 266 N. Y. 525.

pending for the same relief. The latter ground is untenable. As to the former ground the facts are that certain stockholders, believing that their corporation had been wronged by its officers and directors, were unable to persuade the corporation to sue. One Jacobi brought an action in the right of the corporation. In such an action the law regards him as agent of the corporation. He had entire charge of the action, and as long as he continued to prosecute it he in effect was the corporation suing. But the law also appoints every other stockholder as agent to bring such an action, and there may then be a multitude of actions by the corporation through different agents. The remedy against multifariousness is consolidation. But when a judgment has been entered in any suit all the other actions abate.

In this case the Jacobi action was litigated, and before it was finished it was settled in open court. It is immaterial whether all other actual or possible plaintiffs were notified of the settlement. The court took the utmost pains to prevent an ill-advised settlement, and a judgment was entered *pro confesso* in accordance with the settlement. Plaintiffs' point seems to be that findings on consent are not *res judicata* against them. Some cases seem to hold that, but upon analysis they show that no dispute existed about the facts. Plaintiff there conceded that its action was unjustified, and consented that the defendants were innocent of wrong. The facts in those cases amount to collusion to the extent that plaintiff shut his eyes to the facts. Here Jacobi was in the shoes of the corporation and could settle the cause. If there was any overreaching of a suspicion of collusion the court could set aside the judgment. It has ruled in the negative on a motion to set aside. Every issue raised in this action could have been raised in the other action. One of the plaintiffs here was a plaintiff in that action; but I deem that immaterial. The judgment in the absence of collusion or other fact showing it was fraudulent is binding on the corporation and incidentally on each agent who has the capacity to sue in the right of the corporation.

All the motions are granted on the ground of *res judicata*. Settle orders.