ABRAHAM N. LEVY and Others, Plaintiffs, *v.* PACIFIC EASTERN CORPORATION and Others, Defendants.

Supreme Court, New York County, February 28, 1935.

*Malcolm Sumner*, for the plaintiffs.

*Sullivan & Cromwell* [*Walter H. Pollak, Robert M. Benjamin* and *Samuel J. Silverman* of counsel], for the defendant Walter E. Sachs.

*Simpson, Thacher & Bartlett* [*Whitney North Seymour* of counsel], for the defendant Edwin L. Weist.

*Guggenheimer & Untermyer* [*Charles S. Guggenheimer* and *Abraham Shamos* of counsel], for the defendants Pacific Eastern Corporation and others.

HOFSTADTER, J. On August 23, 1933, a derivative action was commenced in this court by the plaintiffs in their representative capacity as stockholders of Pacific Eastern Corporation. Two days later a similar action was instituted in Delaware by another minority stockholder. Both suits assert an identical cause of action on behalf of the corporation. Charging fraud and collusion, they

seek to enjoin the consummation of a proposed settlement of actions pending in which recovery is sought on behalf of the said Pacific Eastern Corporation of losses suffered by the said corporation, alleged to have been occasioned by the negligence, misconduct and infidelity of former officers and directors in the management of the corporate enterprise. (See *Levy* v. *Pacific Eastern Corp.*, 153 Misc. 488.)

In this jurisdiction, while issue has been joined, the case has not yet been noticed for trial. In Delaware, the action has been completely tried and the master appointed by the court has already filed his report together with his recommendations, and the matter is presently before the chancellor for appropriate action. Thus, in ordinary course, the Delaware court will have made its determination prior to the possible conclusion of the trial here. The defendants who are named in both actions seek a stay of all proceedings in this court pending a final determination on the merits by the Delaware tribunal.

A final judgment in either one of these actions would be *res adjudicata* upon the other (See *Grant* v. *Greene Consolidated Copper Co.*, 169 App. Div. 206; affd., 223 N. Y. 655; *Isaac* v. *Marcus*, 258 id. 257); and this is not disputed by plaintiffs' counsel.

It is a salutary policy of the law to discourage redundant suits, both to save the time consumed by the resultant multiplicity of actions, and to avoid the unnecessary annoyance and expense to litigants in prosecuting or defending independent suits comprehending the same subject-matter. It is accordingly well established that where a definitive ruling in one of two suits concurrently prosecuted will completely dispose of the controversy, one suit, in the absence of special circumstances, will be stayed pending the determination of the other, whether the actions are in the same jurisdiction (*Dolbeer* v. *Stout*, 139 N. Y. 486; *Post* v. *Banks*, 67 App. Div. 187) or in separate jurisdictions (*Oppenheimer* v. *Carabaya Rubber & Navigation Co.*, 145 App. Div. 830; *Allentown F. & M. Works* v. *Loretz*, 16 id. 72; *Jaffray* v. *Hunter*, 8 id. 315.) Class actions in a proper case may likewise be stayed where there is no substantiated claim of inadequate prosecution and bad faith. (*Dresdner* v. *Goldman Sachs Trading Corporation*, 240 App. Div. 242, 249; *Lowenstein* v. *Diamond Soda Water Mfg. Co.*, 94 id. 383, 385.)

As a practical matter the pending actions may be deemed to have been simultaneously commenced and in any event priority of two days in the institution of the New York action does not necessarily control the court's discretion. (*Oppenheimer* v. *Carabaya Rubber & Navigation Co.*, *supra*; *Merritt-Chapman & Scott Corp.*

v. *Mutual B. L. Insurance Co.*, 237 App. Div. 70; *Mutual Life Ins. Co.* v. *Marzec*, 146 Misc. 26, 29.) The determination of which action is to be stayed and which litigated depends upon the circumstances taken all together.

In view of the fact that one of the actions (Delaware) has been fully tried and is *sub judice* before the court, and the other has not as yet been noticed for trial, it is clear that in the light of the principle of *res adjudicata*, only one should be prosecuted to a finality unless the plaintiffs are shown to be prejudiced otherwise. No such showing has been made, and I regard that the situation presented by this record speaks for the exercise of the court's discretion in favor of a stay.

Though afforded every opportunity in that behalf, the plaintiffs fail in any creditable demonstration that the proceeding in Delaware has not been fairly and adequately litigated by the party plaintiff there. Suspicion and suggestion may not be substituted for specific charges properly supported, and on the whole the present papers do not establish a sufficient basis for departing from well-recognized legal principles. On the contrary, in so far as inferences may be indulged in, it is most significant as bearing on the probable *bona fides* and thoroughness of the prosecution of the Delaware suit that plaintiff's counsel has repeatedly offered to submit the determination of the issues to this court on the record already made in the Delaware proceeding. Nor is it claimed that the evidence on a second trial if taken *de novo*, would be dissimilar to that already adduced in Delaware. As a matter of high courtesy, I must impute to the courts of Delaware the same degree of competency and learning expected in this court; and it would be a most unfortunate violation of the rules of judicial comity to entertain any doubt that the courts of a sister State are not fully capable of affording a fair trial to litigants and of rendering a sound and proper decision on the merits of a controversy.

I am not unmindful of the fact that the plaintiffs herein (suing in their representative capacity) have not participated in the conduct of the Delaware suit; and of the special considerations inherent in stockholders' suits, adverted to at length in *Dresdner* v. *Goldman Sachs Trading Corporation* (*supra*), to the effect that stockholders should not be unduly constrained by the action of others and should have free opportunity to enforce the rights of corporations when appropriate in derivative actions. I am equally mindful of the considerations that defendants should not be unduly harassed and subjected to unnecessary expense, nor courts needlessly occupied with redundant proceedings having no useful purpose. These several considerations are properly reconciled by a sound appli-

cation of the remedies of consolidation, intervention or stay. In the nature of things, the ordinary remedy of consolidation was not open to the plaintiffs, in view of the diversity of jurisdiction; and there may be no fault in the plaintiffs in having failed to seek intervention in Delaware. But where no ultimate prejudice is established, the interests of the defendants become the proper subject for the court's consideration. As the court said in *Dresdner* v. *Goldman Sachs Trading Corporation* (*supra*): " If the first action is free from collusion and is being prosecuted with skill and in good faith, grounds for a stay of prosecution of the second action may be shown " (p. 249).

Nor have I overlooked the circumstance that plaintiffs' counsel may not have been aware of the exact status of the litigation in Delaware. It is sufficient to remark that whatever his actual knowledge of the matter may have been, he could have known readily, and, therefore, with justice it may be said, he should have known that the matter was proceeding to a final determination. In any event, the reality as it now exists must be the basis for action. This court should not engage in futilities. If the Delaware court decides the issues favorably to the plaintiffs, any proceeding here would be moot and ineffectual; an adverse decision would not be controlling if it is open to a successful challenge on the grounds of collusion or other irregularity in the conduct of the proceeding resulting in the judgment. Whatever rights the plaintiffs may or may not have are not forever foreclosed; the stay granted now merely postpones their prosecution for the time being. This court should not in the meantime engage in an unseemly race with the court of Delaware for priority of decision.

Accordingly the motion is granted without prejudice, however, to any appropriate action by the plaintiffs in the event that it subsequently appears that the good faith of the proceedings in Delaware may be successfully challenged; and without prejudice to an application for the further action and order of this court as circumstances which may develop hereafter warrant in the premises. The cause may be noticed for trial and placed on the trial calendar and the court will consider what action, if any, is to be taken on the motions still pending. Settle order.