HARRY L. HORN, Respondent, *v.* FRED H. BENNETT, Appellant, and HARRY W. BENNETT, Defendant.

Second Department, April 8, 1938.

*Kenneth M. Spence* [*James H. Halpin* with him on the brief], for the appellant.

*Arthur Block* [*Emil N. Baar* with him on the brief], for the respondent.

DAVIS, J. The plaintiff, a real estate broker, was engaged by the defendants, Fred H. Bennett and Harry W. Bennett, concededly the president and secretary-treasurer respectively of a corporation, to sell the business and assets of that corporation at a fixed price. He produced a purchaser ready, able and willing to purchase on the terms fixed. Later the sale failed for the reason that the sellers insisted upon new and additional terms. The plaintiff sued the corporation for a sum agreed upon as commissions, but his complaint was dismissed on the motion of the defendant on the ground that the officers were not authorized to make the sale. There was no appeal from that judgment.

He then sued the individual officers who made the agreement with him, on the ground that they had misrepresented their authority. One of the defendants was not served. The other appeared by the same attorney who represented the corporation in the former suit. On this trial the principal defense was that the officers were in fact authorized and that the corporation was liable. Obviously this defense is inconsistent with that interposed successfully in the suit against the corporation. Parties in court are not permitted to assume inconsistent positions in the trial of their causes. If they accept the benefit of a judgment they are estopped from taking a contradictory position either on the same trial or in another suit which grows out of the judgment in the first. (Bigelow on Estoppel [5th ed.], pp. 717-722.)

The decision contains findings in favor of the plaintiff, including a finding that the officers were not authorized by the corporation to sell. The appealing defendant, on an examination before trial, testified that he was not so authorized, and this finding may be said to be based on other evidence. Beyond that, we think that the appellant is bound and estopped by the former judgment. Admittedly he was a stockholder, a director and an officer at the time the transaction occurred, and at the time the action against the corporation was commenced — although he may not have been at the time of the trial. The pleadings and the evidence on the former trial showed that the negotiations were conducted by officers and agents of the corporation, and that appellant was in charge of the property and managed the business. The appellant's rights as a stockholder were in subordination to those of the corporation, and a judgment against the corporation is competent to establish plaintiff's status. (*Stephens* v. *Fox*, 83 N. Y. 313; 1 Freeman on Judgments [5th ed.], § 514.) A judgment against the corporation, unless impeached, is conclusive against the corporation and its stockholders. (*Denike* v. *N. Y. & R. Lime, etc., Co.*, 80 N. Y. 599; *Alexander* v. *Donohoe*, 143 id. 203; *Marin* v. *Augedahl*, 247 U. S.

142, 150; *Selig* v. *Hamilton*, 234 id. 652; *Royal Arcanum* v. *Green*, 237 id. 531; *Levy* v. *Equitable Trust Co.*, 271 Fed. 49.)

By the successful defense interposed in the corporation action the appealing defendant was benefited, for his interests in the assets of the corporation were not decreased but maintained by the result in that action. He and his interests were represented by the corporation and its counsel; and we think the judgment is binding upon him.

Further, the proof sustains the findings made by the trial court that the appealing defendant employed the plaintiff as a broker to sell the business on the representation that he and his brother had authority from the corporation so to do, which representation was false; and that plaintiff produced a purchaser ready, able and willing to purchase on the terms stated by the appellant.

The judgment should be affirmed, with costs.

CARSWELL, ADEL and CLOSE, JJ., concur; LAZANSKY, P. J., concurs on ground last named in opinion of DAVIS, J.

Judgment unanimously affirmed, with costs.