MAX L. BLISS and Others, Plaintiffs, *v.* OMNIBUS CORPORATION and Others, Defendants.

Supreme Court, Special Term, New York County, October 27, 1938.

*Evans & Rees, Donald I. Peyser* and *Lester Nurick*, for the plaintiffs.

*Wright, Gordon, Zachry & Parlin* and *Paul W. Williams*, for the defendants John A. Ritchie and others.

NOONAN, J. Defendants move to dismiss this representative derivative action in equity instituted by certain stockholders of the New York Transportation Corporation for the rescission of a contract of sale made on October 27, 1936, between the Fifth Avenue Coach Company and The Omnibus Corporation and for an accounting. The gravamen of the complaint is the inadequacy of the consideration paid on the sale. There are five grounds upon which the motion is based: (1) A prior action between the same parties seeking identical equitable relief was dismissed by an order entered in this court on June 21, 1936, for failure to prosecute it, (2) unreasonable neglect to prosecute the causes of action alleged in the complaint, (3) laches, (4) the death of material witnesses for defendants which prejudice the presentation of testimony, (5) the present suit is vexatious and an abuse of process. These five grounds may be summarized as the following: The dismissal of the prior action bars the present one and the laches of the plaintiffs should not permit the institution of another action. The dismissal

of the prior action was not on the merits. (*Pueblo De Taos* v. *Archuleta,* 64 F. [2d] 807, 812.) The judgment which was entered on the order dismissing the prior action contained no recital that it was upon the merits. Section 482 of the Civil Practice Act declares in part: "A final judgment dismissing the complaint before the close of the plaintiff's evidence does not prevent a new action for the same cause of action, unless it expressly declares that it is rendered upon the merits." This section applies to a dismissal of an action before trial. (*Harris* v. *Harris,* 246 App. Div. 667; *Voorhees* v. *Dennie,* 131 Misc. 391.)

The authorities construing the section clearly establish that the dismissal must expressly declare and be in fact a dismissal on the merits so as to bar the institution of a new action for the same relief. (*McDonald* v. *Hygienic Ice & Refrigerating Co.,* 148 App. Div. 539; *Caruso* v. *Metropolitan Five to Fifty Cent Store,* 214 id. 328; *Richard* v. *American Union Bank,* 225 id. 634; affd., 253 N. Y. 166; *Clark* v. *Scoville,* 198 id. 279.) The defendants rely on section 23 of the Civil Practice Act, which provides, so far as material, as follows: " If an action is commenced within the time limited therefor, and * * * the action is terminated in any other manner than by * * * a dismissal of the complaint for neglect to prosecute the action * * * the plaintiff, or, if he dies and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year after such * * * termination." It is contended that because this section extends the Statute of Limitations for one year except where the prior action is dismissed for a failure to prosecute it was intended that another action between the same parties for the same cause cannot be commenced. The section, however, is concerned with the Statute of Limitations and does not bar another action for the same relief where such action is brought within the statutory period and the prior action has not been dismissed upon the merits.

In the case at bar the statutory period of limitations applicable is ten years. (Civ. Prac. Act, § 53; *Potter* v. *Walker,* 276 N. Y. 15; *Chance* v. *Guaranty Trust Co.,* 251 App. Div. 855.) The complaint now under attack was served less than two years after the cause of action accrued. It follows that since the present complaint was served within the statutory period and since there has not been a final judgment on the merits the present action is properly maintainable. The only other ground urged for the dismissal of the complaint is that the plaintiffs are guilty of laches in the bringing of the action. It is a settled principle of law, however, that where there is a discretion to bar a right on the ground of

delay the Statute of Limitations will be used as a guide in the exercise of such discretion. (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113, 130; *Schreier* v. *Cummings*, 250 App. Div. 808.)

There is no satisfactory proof that the defendants have changed their position because of the plaintiff's failure to prosecute the prior action. The original summons and complaint was served on November 18, 1936, or three weeks after the cause of action arose. Issue was joined therein on February 21, 1937, by the service of the answer of the Fifth Avenue Coach Company. There was, therefore, a prompt assertion by the plaintiffs of their rights. The original complaint was dismissed on June 21, 1938, for failure to prosecute. The present complaint was served on six of the defendants on dates between June 29, 1938, and July 20, 1938.

It is asserted by the defendants that when the original action was commenced on November 18, 1936, the contract involved in the action had not as yet been consummated. The moving affidavit, in referring to that fact, states " the original complaint, like the present complaint, sought to set aside the contract for the sale of the income bonds of New York Railways Corporation to The Omnibus Corporation. The plaintiffs failed to proceed diligently with that suit. Nearly two years elapsed without any action whatsoever on their part. In the meantime the bonds of New York Railways Corporation were sold to The Omnibus Corporation and The Omnibus Corporation exchanged the bonds so purchased for the stock in the new company."

It cannot be inferred from the facts so stated that the position of the defendant had changed to its prejudice because of the plaintiffs' failure to prosecute the prior action.

The consummation of the contract took place with knowledge by the defendants of the plaintiffs' assertion of their rights. The defense of laches cannot be relied upon when defendants proceed " in known and open hostility to plaintiff's rights." (*Moore* v. *United States Cremation Co.*, 158 Misc. 621, 626; affd., 275 N. Y. 105.) Another ground of prejudice claimed is the death of three defendants and of another individual not a defendant whose testimony would be material on the trial of the action. But there is nothing to show how necessary and material the testimony of these witnesses would be. Moreover, these deaths occurred during a period prior to the date when the case would have been reached for trial, even if the plaintiffs had proceeded promptly with the first action. Here is a stockholders' action for rescission and for an accounting which has been instituted for the benefit of the corporation. As stated in *Goldberg* v. *Berry* (231 App. Div. 165, 170): " The defense of laches is not available in this equity action

brought within the time limited by the Statute of Limitations, by a stockholder suing on behalf of his corporation against offending directors for an accounting of the corporate moneys."

It is finally urged that the dismissal of the present complaint will not prejudice the New York Transportation Company on whose behalf the action is instituted as there is now pending in this court another stockholders' action involving the same issues which was brought on behalf of the Fifth Avenue Coach Company.

This other action is brought on behalf of a different corporation and there are no facts stated showing that the decision in that case will be conclusive in the present action. Furthermore, the proper remedy against multifariousness is a consolidation of the actions, and not a dismissal of any one action. (*Gerith Realty Corp.* v. *Normandie Nat. Securities Corp.*, 154 Misc. 615.)

The present action is now on the calendar and it should proceed to trial.

The motion to dismiss is denied. Order signed.