## MEADE v. PHILLIPS.

District Court, S. D. New York. May 12, 1939.

Gazan & Caldwell, of New York City (Simone N. Gazan, of New York City, of counsel), for plaintiff.

Leopold Friedman, of New York City (Archie Weltman, of New York City, of counsel), for defendant.

CONGER, District Judge.

This is a motion to dismiss the complaint of the plaintiff on the ground of res adjudicata.

The action is for personal injuries.

 The plaintiff first sued in the Municipal Court in the Borough of Manhattan.

Issue was joined and the case tried, The jury rendered a verdict for the plaintiff and against the defendant.

A motion was made by the defendant's attorney to set aside the verdict. The Court gave the attorneys one week to submit briefs on that question and on the motion made at the end of plaintiff's case.

Unfortunately for the plaintiff, during that week the Statute of Limitations would run against the plaintiff's cause of action and if the Court, at the end of the week, had set aside the verdict of the jury and dismissed the action for failure of proof and without prejudice, the plaintiff would be without a remedy, because her action would then be barred by the Statute of Limitations. So the plaintiff's attorney commenced this action in the Federal court, as he contended, to protect his client's right of action.

The two actions might be so maintained. Woren v. Witherbee, Sherman & Co., D. C., 240 F. 1013.

Thereafter, the judge in the Municipal Court action allowed the verdict to stand and judgment was entered for the plaintiff and against the defendant.

So now we have this situation; a pending action in the Federal Court and a judgment in favor of the plaintiff against the same defendant upon the same cause of action in the Municipal Court. The judgment, being on the merits, is a bar to this action in the Federal Court. In the Municipal Court action, the defendant has appealed. The plaintiff apparently is now fearful of the decision by the appellate court. If the appeal is denied, then the action in the Federal Court must abate. If the appellate court should set aside the judgment and dismiss the complaint for failure of proof (that being the contingency plaintiff seems fearful of), the plaintiff

would not be harmed in any way, and in that event, will not lose her cause of action, because she will still have the right to start another action within one year. New York Civil Practice Act, § 23.

Certainly there cannot be in being, at the same time, a judgment on the merits in one court and a pending action between the same parties, based upon the same cause of action, in another court.

Under the circumstances, I must grant the motion. Submit order on notice.