**RATNER et al. v. PARAMOUNT PICTURES, Inc., et al.**

District Court, S. D. New York.

Aug. 7, 1942.

See, also, 46 F.Supp. 339.

Milton M. Eisenberg, of Brooklyn, N. Y., for plaintiffs.

Simpson, Thacher & Bartlett, of New York City (Albert C. Bickford, of New York City, of counsel), for defendant Paramount Pictures, Inc.

Callaghan, Stout & Nova, of New York City (Stephen Callaghan and Thomas A. Gaffney, both of New York City, of counsel), for defendants Balaban and others.

Phillips, Nizer, Benjamin & Krim, of New York City (Louis Nizer, Louis Goldstein and Thomas P. Gibbons, all of New York City, of counsel), for defendant Austin G. Keough.

BRIGHT, District Judge.

The defendants, Paramount Pictures, Inc., Balaban, Keough, Callaghan, Harris, Zukor, Gibson, Agnew, Newton, Hicks and Weisl (the other defendants not having been served), move (1) under Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for leave to serve a supplemental answer setting up as res judicata, a judgment entered in the New York Supreme Court, in a similar derivative stockholders' action entitled Hornstein v. Paramount Pictures, Inc., et al., Sup., 37 N.Y.S.2d 404, (2) under Rule 56 for summary judgment, and (3) in the event the foregoing motions or either of them are denied, for a stay of all proceedings on the part of plaintiff until the final determination of the Hornstein case.

This action is brought by two stockholders of the defendant Paramount Pictures, Inc., on their own behalf and on behalf of that company and other stockholders similarly situated, to compel the defendants who are or were officers or directors of Paramount, to account to it for corporate funds allegedly paid by them to one Willie Bioff, to induce him not to cause a strike among certain of the company's employees. Before the commencement of this action, similar stockholders' actions were commenced in the Supreme Court of the State of New York, New York County, by Henry Hornstein and others. The several actions so brought were consolidated and tried on the merits before Mr. Justice Walter in June 1942, and resulted in a judgment dismissing the complaint upon the merits.

It is conceded by all of the parties to this motion that the issues involved in the State Court action were identical with those involved in this, and that the defendants in that action were the same as in this. The two plaintiffs in this action, however, were not parties in the State Court. Judgment in the State Court action was entered on July 3, 1942.

The supplemental answers which each of the defendants asks leave to serve, set out as a defense the rendition of the judgment in the State Court, and plead it as res judicata of this action. That defense must be pleaded to be available upon the trial. Rule 8, Federal Rules of Civil Procedure. The court may permit the service of a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Rule 15(d). The motions for leave to serve supplemental answers are, therefore, granted.

Under Rule 56, summary judgment shall be rendered forthwith if the pleadings and affidavits show that there is no genuine issue as to any material fact. There is no such issue here. The rendition of the judgment in the State Court upon the same issues as are involved in this action, is admitted.

A judgment in the stockholders' derivative action is res judicata both as to the corporation and as to all of its stockholders, including stockholders who were not parties to the original action in subsequent actions based upon the same subject matter. Dana v. Morgan, 2 Cir., 232 F. 85; Grant v. Greene Consolidated Copper Co., 169 App.Div. 206, 154 N.Y.S. 596, affirmed 223 N.Y. 655, 119 N.E. 1046; Isaac v. Marcus, 258 N.Y. 257–264, 179 N.E. 487; Horn v.

620

Bennett, 253 App.Div. 630, 3 N.Y.S.2d 525; Dresdner v. Goldman Sachs Trading Corp., 240 App.Div 242–244. 269 N.Y.S 360; Gerith Realty Corp v Normandi National Securities Corp., 154 Misc 615, 276 N.Y.S. 655, affirmed 214 App.Div. 717 269 N.Y.S. 1007, affirmed 266 N.Y 525, 195 N.E. 183, Levy v. Pacific Eastern Corp., 154 Misc 655, 656, 277 N.Y.S. 659.

 The fact that the time to appea has not expired or that an appeal is pending, does not alter the finality of the judgment. Deposit Bank v. Frankfort, 191 U.S. 499–512, 24 S.Ct. 154, 48 L.Ed. 276; Reed v. Allen, 286 U.S 191–199, 52 S.Ct. 532, 76 L.Ed. 1054, 81 A.L.R. 703; Finkelstein v. Boylan,[1] Leibell, J., May 8, 1942; Straus v. American Publishers Association, 2 Cir., 201 F. 306–310, dismissed 235 U.S. 716, 35 S.Ct. 197, 59 L.Ed. 438; Goess v. A. D. H. Holding Corp., D.C., 21 F.Supp. 789; Meade v. Phillips, .D.C., 27 F.Supp. 800; Parkhurst v. Berdell, 110 N.Y. 386–392, 18 N.E. 123, 6 Am.St.Rep. 384; Sullivan v. George Ringler & Co., 69 App. Div 388, 74 N.Y.S. 978.

 Even if the judgment were reersed upon appeal under the New York Civil Practice Act, the Appellate Court is empowered to render such judgment as to it may seem proper The plaintiffs here can, therefore take no comfort from that eventuality. They would be bound anyway That the case in the State Court may not have been properly tried, as plaintiff now intimates, does not in any way militate against the finality of the judgment there entered. The corporation and its stockholders have had their day in court, and the result is final. Dana v Morgan, supra.

The motions of the several defendants for summary judgment are, therefore, granted.

In view of the foregoing, it is not necessary to decide the motion for a stay.

One order may be submitted which shall be settled on notice.

---

[1] No opinion for publication.