William B. G-boat, J.
Motion by defendant under subdivision 5 of rule 107 of the Buies of Civil Practice to dismiss each of the two causes of action contained in the complaint on the ground that action thereon is barred by the Statute of Limitations.
Both causes of action arise out of an insurance agency contract entered into between the parties on July 26,1927, a copy of which has been annexed to and made a part of the complaint. The contract provides generally that the plaintiff is to act as special agent for defendant for an indefinite period, at an agreed compensation in the form of commissions including renewal commissions. The contract also provides that “ Either party hereto may without cause terminate this agreement upon thirty days written notice.”
On July 17,1956, plaintiff commenced an action by the service of a summons alone and that action was dismissed by order of this court, dated October 29,1957, for plaintiff’s failure diligently to prosecute it. Clearly the Statute of Limitations was not tolled by that termination of the action. (Civ. Prac. Act, § 23.)
This action was commenced on February 10,1958, by the service of a summons and verified complaint. Defendant contends that both causes of action are barred by the six-year Statute of Limitations while plaintiff urges the applicability of the 10-year statute. Since defendant elected to and did terminate the contract pursuant to notice duly given as of October 20, 1950, it follows that if the six-year Statute of Limitations is applicable to plaintiff’s causes of action they must be dismissed.
The first cause of action purports to be for an accounting in equity on the theory that defendant “ now has in its possession, or should have in its possession, certain funds which have accrued to the plaintiff as a result of the renewals on the policies written *825 by the plaintiff while the plaintiff was in the active employ of the defendant ’ ’ and that the plaintiff ‘1 has no way of ascertaining the amount of these proceeds except through an accounting, wherein the defendant would be required to account to the plaintiff for all such commissions received, or premiums earned on account of such renewals from the 31st day of August, 1944 But “ The complaint in an action such as this for an accounting must allege something in addition to the mere necessity to take an account. There must be an allegation showing the existence of some trust or fiduciary relationship between the parties under which an obligation rests upon the defendant to render an accounting to the plaintiff.” (Ryan v. Standard Wine & Liquor Co., 63 N. Y. S. 2d 280, 281; see, also, Barber v. Farmers & Traders Life Ins. Co., 109 N. Y. S. 2d 448, 450.) Not only is there no allegation of “ some trust or fiduciary relationship ” in the complaint before the court, but it appears from the contract itself that no such relationship existed insofar as the defendant was concerned and that plaintiff had an adequate remedy at law with whatever information he needed as to the amount of damages obtainable by way of pretrial examination and discovery. (Goldwurm v. Levey, 135 N. Y. S. 2d 213, 214.) Having that legal remedy available, even the concurrent existence of an equitable remedy would not operate to give the plaintiff the benefit of the 10-year Statute of Limitations for ‘ ‘ "When a legal and an equitable remedy exists as to the same subject-matter, the latter is under the control of the same statutory bar as the former.” (Keys v. Leopold, 241 N. Y. 189, 193.) It follows, therefore, that the first cause of action was not timely commenced.
The same result must be reached as to the second cause of action which is expressly based upon defendant’s allegedly “ untimely and the unwarranted termination of the plaintiff’s contract by the defendant, prior to the stipulated date of termination ”. As previously noted there was no “ stipulated date of termination” in this contract. It was for an indefinite term and either party was empowered to terminate it without cause upon 30 days’ written notice. Defendant did so as of October 20,1950.
In view of the foregoing defendant’s motion is granted as to both causes of action.
Submit order.