Nathaniel T. Helman, J.
At the opening of the trial, defendant moved for judgment dismissing the complaint upon the *515 grounds that (1) the cause of action was barred by the Statute of Limitations; and (2) a previous action between the parties had been dismissed with prejudice.
Plaintiff cross-moved to strike out the affirmative defenses contained in the answer.
The action is in negligence, predicated on an occurrence which took place on August 4, 1952. The original lawsuit was commenced September 23, 1953, and issue was joined October 13, 1953. The case was assigned to Trial Term, Part V, of the Supreme Court, Bronx County, where several attempts were made by plaintiff to procure adjournments. Finally, on February 14, 1957, the Trial Judge dismissed the complaint “With Prejudice ” after reviewing for the record a series of dilatory tactics employed by plaintiff. Almost four months later plaintiff moved to restore the case to the calendar and the court at Special Term granted his application. From the latter order defendant appealed and on January 28, 1958, the Appellate Division reversed the determination at Special Term. (5 A D 2d 764.)
It may be noted that the Appellate Division in its memorandum opinion stated:11 While a court has discretionary power to open defaults in the furtherance of justice, that discretion is not properly exercised in a case where the default is deliberate. Here the facts demonstrate plaintiff took a calculated risk of dismissal after every reasonable opportunity was given to proceed with the trial ” (pp. 764-765).
A second complaint was then served by the plaintiff in June of 1958, and it is to the sufficiency and propriety of the latter pleading and offer of proof that defendant’s present application has been directed. Plaintiff urges that his second cause of action was timely commenced by reason of the special provisions of section 23 of the Civil Practice Act. Several reasons appear, however, why the benefits of that section are unavailable to him.
To begin with, the termination date of the original action was not, as plaintiff contends, the date of the Appellate Division order, but the date of the original order of dismissal. (Haber v. Telson, 4 A D 2d 677, affd. 4 N Y 2d 687; Scott v. Rosenwitz, N. Y. L. J., March 9, 1961, p. 14, col. 2; Friedman v. Long Is. R. R. Co., 273 App. Div. 786.) The one-year limitation fixed by section 23 became effective on February 14,1957. It requires no distention of the intent and meaning of the exceptions enumerated in section 23 to hold that this dismissal with prejudice was based on a “ neglect to prosecute the action Neither the holding in Schneck v. S. T. Grand, Inc. (11 Misc 2d 923) nor Harris v. Harris (246 App. Div. 667) precludes this view.
*516 The inherent right of the Trial Judge to control his calendar embraces the privilege, after repeated dilatory tactics by a litigant, to close the door to further judicial proceedings. In so doing, particularly under circumstances which the Appellate Division has described as a “ deliberate default ” the court, by employing the language “ With Prejudice ”, intended to apply its judicial discretion to put an end to further litigation.
Whether such determination be interpreted as a holding that plaintiff had 11 neglected to prosecute ” the action, or as a final termination on the merits, the result must be the same. (Weisinger v. Berfond, 21 Misc 2d 788; Pomerants v. Cave, 10 A D 2d 569.) The defense of res judicata and the applicability of the Statute of Limitations have been amply sustained.
The motion of plaintiff addressed to the affirmative defense in the answer of the defendant is denied. Defendant’s motion for judgment dismissing the complaint is in all respects granted.