Louis G-. Bruhn, J.
This is a motion on behalf of the defendant for an order changing the venue of the action from Queens County to Ulster County.
The defendant in its moving papers predicates its basis for relief on rule 146 of the Buies of Civil Practice and various sections of the Civil Practice Act.
This court is not impressed with the argument that because the plaintiff, in his answering affidavit, designated ‘ ‘ Ulster County ” as the situs of venue that such act was tantamount to a consent pursuant to rule 146.
Considerably more merit is present in the defendant’s argument that, since the plaintiff is the assignee of a nonresident with whom the contract, the subject of this litigation, was made, section 184-a of the Civil Practice Act has application.
That section, so far as applicable to the instant motion, provides as follows: “Except as otherwise provided in this act, an action in the supreme court for a sum of money only, brought by an assignee * * * must be tried in the county in which the original claimant or the defendant * * * resided at the commencement of the action, or in the county in which the contract sued on was made or was to be performed or the cause of action or some part thereof otherwise arose; provided that no cause of action shall be deemed to have arisen, and no contract shall be deemed to be performable, in a particular county merely because that is the county of the assignee’s residence.” (Italics supplied.)
Under those circumstances it would appear that since the principal place of business of the defendant corporation is Ulster County, that county, for venue purposes, is its residence and the action should be tried there.
*821 However, there is some suggestion on the part of the plaintiff that because this 4 ‘ is an action for an accounting & for judgment in money found to be due ’ ’ then section 184-a has no application.
Such contention would seem to exalt form over substance. While it is true the plaintiff’s prayer for relief demands an accounting the action basically is one for a sum of money only and no fiduciary or trust relationship is alleged or in fact exists. (Terner v. Glickstein & Terner, 283 N. Y. 299, 303.)
The contract in question, a copy of which is attached to the pleadings, is simply one involving a royalty or percentage agreement which does not per se nor ipso facto establish a fiduciary relationship.
The fact that the amount of royalties to be recovered must be determined by the volume of sales does not justify an equitable accounting.
Under the allegations of the instant complaint the legal cause of action for money damages with the incidental procedural remedies of examination and discovery is wholly adequate to satisfy the plaintiff’s cause of action. (Shorten v. Remington Rand, 135 N. Y. S. 2d 134; Goldwurm v. Levey, 135 N. Y. S. 2d 213; Mezz v. Swim Prods. Co., 138 N. Y. S. 2d 643, 645, affd. 1 A D 2d 844; Williams v. New York Life Ins. Co., 11 Misc 2d 823, 825; Boyle v. Wegman, 25 Misc 2d 193, 197.)
Therefore, since the original claimant has no residence in this State and since the defendant is a resident of Ulster County for venue purposes the motion is granted, with $10 costs.