G-. Robert Wither, J.
Defendant has moved for an order dismissing the complaint herein under rule 107 (subd. 4) and rule 106 (subd. 4) of the Rules of Civil Practice on the grounds that (1) there is an existing final judgment determining on the merits this same cause of action between these parties and (2) the complaint does not state facts sufficient to constitute a cause of action.
In her complaint plaintiff alleges that she and defendant entered into a separation agreement in April, 1952 wherein defendant agreed to pay to plaintiff the sum of $30 each week thereafter for her support and that on May 31,1952 said agreement was incorporated into a decree of divorce granted in the State of Nevada. Plaintiff alleges that although defendant has made some payments under said decree, there is due to her thereunder the sum of $12,940.
Defendant’s motion to dismiss the complaint on the ground that there is an existing final judgment determining this issue on the merits is based upon the following facts:
In May, 1955 plaintiff brought suit in Monroe County Court upon said decree of divorce for the unpaid support payments required thereunder. At that time plaintiff was a nonresident. Defendant obtained a stay of that action until plaintiff should file security for costs. Plaintiff never filed such security; and on defendant’s motion an order was made by the Monroe County Court on September 6, 1961 and duly entered, dismissing said action for failure to prosecute, under section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice. Thereafter, plaintiff instituted this action.
*367 Defendant contends that such dismissal was on the merits, and that plaintiff is barred from maintaining this action.
A dismissal for failure to prosecute is not upon the merits. (Mintzer v. Loeb, Rhoades & Co., 10 A D 2d 27, 29.) Insofar as the Statute of Limitations has run on items of the dismissed cause of action, the dismissal for failure to prosecute does in effect bar plaintiff’s right to relitigate the issue as to such items (Civ. Prac. Act, § 23; Pomerantz v. Cave, 10 A D 2d 569, motion for leave to appeal denied 8 N Y 2d 914; Miller v. Hainzl, 29 Misc 2d 514; and Scott v. Rosenwitz, 213 N. Y. S. 2d 196); but in this case defendant will need to interpose an appropriate defense with respect thereto. In some situations where dismissal for failure to prosecute has occurred (as under Eules Civ. Prac., rule 302) a plaintiff may secure relief by moving to open his default (see Mintzer v. Loeb, Rhoades & Co., 10 A D 2d 27, 29, supra ; and Marco v. Sachs, 25 Misc 2d 763, affd. 12 A D 2d 774).
Where the Statute of Limitations has not run on the cause of action, the dismissal for failure to prosecute does not bar the institution of a new action. (Civ. Prac. Act, § 482; Mintzer v. Loeb, Rhoades & Co., 10 A D 2d 27, 31, supra.)
In the case at bar it may be that the Statute of Limitations has run as to some payments provided for in the decree of divorce. The facts in that regard do not appear on the face of the complaint, and it does not appear that the defendant has interposed an answer raising the defense of the Statute of Limitations. Since the decree provides for continuing weekly payments, clearly the Statute of Limitations has not run on those payments accruing within six years of the institution of this action.
The copy of the Nevada decree referred to in the complaint as being attached thereto was not attached to the copy of the complaint submitted on this motion. Defendant has not stated that his objection to the sufficiency of the complaint is based upon that fact or on the terms of such decree, and, except as above recited, has not specified the grounds upon which he contends the complaint is insufficient.
The complaint being sufficient in some respects, the motion to dismiss it must be denied. (See Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79, 84; Wallace v. Perlman, 9 A D 2d 934.)