Sigmund D. BERMANN, Plaintiff, *v.* GUISEPPI ESPOSITO, Defendant.

District Court, First District, Nassau County, May 10, 1962.

*Herman B. Zipser* for plaintiff. *Kennedy & Dunn* for defendant.

BERNARD TOMSON, J. This is a motion to strike out an affirmative defense which reads: '' As and for a first, separate and affirmative defense to the second cause of action, the defendant alleges this cause of action has been dismissed by order of this

Court on April 14, 1961 pursuant to Rule 161 of the District Court Act; this cause of action was embodied in a prior suit bearing the same title and having Index Number 8370/59.''

Section 161 of the Nassau County District Court Act reads: '' When an action has remained for more than six months upon the general calendar, or the calendar for actions reserved generally, it may be dismissed by the court upon application of the defendant on notice; or, if the action has remained upon said calendar for more than one year, it may be dismissed by the court of its own motion.''

This section is identical with section 126 of the New York City Municipal Court Code, and differs in no substantial respect from the import of section 181 of the Civil Practice Act and rules 156 and 302 of the Rules of Civil Practice.

A dismissal for failure to prosecute has uniformly been held to have been not on the merits. (*Mintzer* v. *Loeb, Rhoades & Co.*, 10 A D 2d 27, 29; *Carter* v. *Carter*, 32 Misc 2d 366; and cf. *Greenberg* v. *De Hart*, 4 N Y 2d 511, 516.)   The instant action was commenced by the service of summons on March 9, 1962. The act of negligence pleaded is stated to have occurred on July 6, 1959.   The instant action is not therefore barred by the Statute of Limitations. (Cf. Civ. Prac. Act, § 23; *Bliss* v. *Omnibus Corp.*, 169 Misc. 662; *Loomis* v. *Girard Fire & Marine Ins. Co.*, 256 App. Div. 443; *Williams* v. *New York Life Ins. Co.*, 11 Misc 2d 823; *Pomerantz* v. *Cave*, 10 A D 2d 569, motion for leave to appeal denied 8 N Y 2d 914; *Miller* v. *Hainzl*, 29 Misc 2d 514 and *Scott* v. *Rosenwitz*, 213 N. Y. S. 2d 196.)

It would appear that the dismissal pursuant to section 161 of the Nassau County District Court Act, on the authorities cited, did not constitute a dismissal on the merits and did not preclude the initiation of this action since the Statute of Limitations had not run.   The motion is, therefore, granted.