John H. Galloway, Jr., J.
Defendant moves pursuant to subdivisions 3 and 4 of rule 107 of the Buies of Civil Practice to dismiss the complaint on the grounds (1) that there is another action pending between the same parties for the same cause, and (2) that there is a decree of this court rendered on the merits determining the same cause of action between the same parties.
Defendant cannot prevail on either ground.
In support of the first ground, defendant offers as the “ other action pending” an action commenced in the Supreme Court, Westchester County, in early 1957 by Port Chester Lumber Company, a subcontractor, against other subcontractors, including the plaintiff De Marco in this action, and the general contractor, and also against this defendant, to foreclose its mechanic’s lien on this defendant’s real property. In the Supreme Court action, the plaintiff herein, De Marco, as a separate defense and by way of cross claim against the defendant herein, sought judgment— (1) adjudicating the validity of his mechanic’s lien in the sum of $2,500, the balance due for labor performed and materials furnished pursuant to his agreement with the general contractor; (2) for the sale of this defendant’s interest in the real property and payment of his lien from the proceeds thereof; and (3) for judgment personally against this defendant for any deficiency remaining due to this plaintiff after such sale. That action is still pending undetermined in the Supreme Court, no note of issue having been filed therein to bring it on for trial.
Defendant urges that the complaint in the instant action, which was commenced on or about September 15, 1962, sets forth the same cause of action against him as plaintiff’s cross claim set forth against him in the Supreme Court action. But examination of the complaint reveals that the action at bar is *702 to recover a money judgment for work, labor and services performed and materials furnished, in the same amount of $2,500 and to the same property as in the pending Supreme Court action. The latter action is to foreclose this plaintiff’s mechanic’s lien. The action at bar is for a money judgment on a contract. The causes are not the same in both actions.
The governing rule is well stated in Carmody-Wait, New York Practice (vol. 16, p. 304, § 122) : “ Since a mechanic’s lienor is entitled to sue concurrently at law on the debt and in equity for the foreclosure of the lien securing the debt, it is not a valid defense to the lien foreclosure that another action is pending to collect the debt. The pendency in another court of an action by the same plaintiff against the same defendant to recover judgment for the identical work is not for the same relief as an action to foreclose a mechanic’s lien therefor, and presents no obstacle to the maintenance of the foreclosure action ” '(citing Rapid Fire Proof Door Co. v. Largo Corp., 243 N. Y. 482; Gambling v. Haight, 59 N. Y. 354; Raven v. Smith, 71 Hun 197, affd. 148 N. Y. 415). It follows that there is no other action pending between these parties for the same cause.
In support of his second ground of dismissal, defendant urges that a prior determination of Mr. Justice McCullough (then County Judge) dismissing a previous action commenced in this court in June, 1958 by this plaintiff against this defendant on precisely the same cause of action and the same facts as in the case at bar, constituted a determination on the merits and bars the instant action. Judge MoCullottgh’s decision is reported in the New York Law Journal of October 14,1960 (p. 17, col. 3).
Examination of the order to show cause why the prior County Court action should not be dismissed discloses that the sole ground for the application to dismiss the prior action was on the alleged ground of failure to prosecute, pursuant to section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice. Judge McCullough’s decision granting the motion stated in material part: “ [T]he motion to dismiss is granted upon condition that the 'Supreme Court action involving these parties is noticed for the December, 1960, term. The defendant should not be exposed to a multiplicity of suits arising out of the same subject matter ”. Judge McCullough’s order of October 25, 1960 entered thereon granted the motion of defendant to dismiss that prior action, and, after reciting the pendency of the Supreme Court action for foreclosure of mechanics’ liens, “ The trial of which would expose the defendant herein to multiplicity of suits arising out of the same subject matter”, then provided as follows: “ Ordered, that the dismissal of the *703 complaint * * * herein is upon condition that the plaintiff shall have full opportunity to have a trial of the said Supreme Court action, provided however that he notices the said * * * action for the December 1960 term of the Court and duly and diligently prosecutes the said cause of action, and that otherwise the said condition shall be of no force and effect ”.
The foregoing record of the grounds for the motion to dismiss the complaint in the prior action, and of the text and context of the court’s decision and order simply do not sustain defendant’s contention that the prior complaint “ was not dismissed for failure to prosecute but on the merits in that another action was still pending We are constrained to hold to the contrary.
There can be no question that a dismissal for failure to prosecute is not a dismissal on the merits. Indeed, such a dismissal does not bar or preclude the commencement of another action for the same cause, if brought within the time fixed by the governing Statute of Limitations. (Topp v. Casco Prods. Corp. 13 A D 2d 811 [2d Dept.], affd. 10 N Y 2d 833; Gundershein v. Bradley-Mahony Coal Corp., 295 N. Y. 539; Carter v. Carter, 32 Misc 2d 366; Civ. Prac. Act, §§ 23,181, 482; Rules Civ. Prac., rules 156, 302.) We conclude that the dismissal of the prior action for failure to prosecute was not a determination upon the merits, and does not bar the commencement of the instant action.
It follows that defendant’s motion must be in all respects denied. Should defendant be aggrieved by the continued pendency of the mechanic’s lien foreclosure action in the Supreme Court, he may move there to dismiss for failure to prosecute, or he may accept plaintiff’s offer on this motion to co-operate in obtaining a stipulation of all parties to its discontinuance, or to join him in a motion to dismiss same for failure to prosecute.