■ HINMAN, STRAUB, PIGORS & MANNING, P. C., Respondent, v AARON J. BRODER, Appellant. (And Another Related Action.) —Main, J. P.

This action has previously been before this court, and the facts giving rise to this action are set forth in our prior opinion (89 AD2d 278). At issue in this appeal is whether plaintiff is either collaterally estopped or judicially estopped from maintaining this action based upon its claim that defendant breached the retainer agreement entered into between the parties. According to defendant, Trial Term's decision in the New York County infant settlement proceeding, which denied defendant's motion for, *inter alia,* an award of counsel fees in the amount of 50% of the net settlement but which determined that defendant was entitled to 60% of the awarded counsel fees, necessarily contained the finding that defendant did not breach the retainer agreement, and plaintiff therefore is collaterally estopped from asserting a breach.* Defendant further contends that, in opposition to defendant's motion, plaintiff specifically argued to the court that the provisions of the retainer agreement, giving defendant 60% of

---

* Both defendant and the infant plaintiff in the underlying action appealed Trial Term's decision, defendant apparently on the issue of the denial of his motion and the infant plaintiff on the issue of the denial of her motion to deny defendant any counsel fees. The Appellate Division, First Department, affirmed *(Teichner v W & J Holsteins,* 99 AD2d 1034) and the Court of Appeals denied defendant's motion for leave to appeal (62 NY2d 604). However, the Court of Appeals reversed on the issue of plaintiff's motion to deny counsel fees, finding that a hearing should be held to determine whether defendant was discharged for cause *(Teichner v W & J Holsteins,* 64 NY2d 977). Following the hearing, Supreme Court, New York County, determined that the infant plaintiff had discharged defendant for cause, and defendant therefore was not entitled to receive counsel fees. This decision has been appealed to the Appellate Division, First Department.

the counsel fees awarded, should be followed, and that plaintiff is now judicially estopped from asserting that defendant breached the retainer agreement.

We find that neither collateral estoppel nor judicial estoppel serves as a bar to the present action. In so doing, we note that the decision upon which defendant bases his estoppel claims, namely, Trial Term's award to defendant of 60% of the counsel fees, was subsequently reversed by the Court of Appeals *(Teichner v W & J Holsteins,* 64 NY2d 977, *supra),* and therefore is not a particularly strong basis upon which to urge an estoppel claim. However, even assuming that an estoppel claim may be based on that decision, we nevertheless find the estoppel doctrines inapplicable.

Collateral estoppel requires that the issue on which the estoppel argument is based necessarily must have been decided in a prior proceeding and that the party to be precluded from litigating that issue must have had a full and fair opportunity to contest the prior determination *(Kaufman v Lilly & Co.,* 65 NY2d 449, 455; *Matter of Home of Histadruth Ivrith v State of New York Facilities Dev. Corp.,* 114 AD2d 200, 205). It cannot be said that the issue of whether defendant breached the retainer agreement with plaintiff was necessarily decided in the infant settlement proceeding. Further, given plaintiff's position in the infant settlement proceeding as a representative for the infant plaintiff, that proceeding hardly presented plaintiff with a full and fair opportunity to assert its own claims for breach of the retainer agreement.

Judicial estoppel, also known as estoppel against inconsistent positions, likewise is of no avail to defendant. Under this doctrine, "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position" *(Davis v Wakelee,* 156 US 680, 689; *accord, Kasmarski v Terranova,* 115 AD2d 640; *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591, 593). We do not believe that plaintiff's actions demonstrate such a taking of a contrary position or that plaintiff is guilty of " 'playing "fast and loose with the courts" ' " *(Environmental Concern v Larchwood Constr. Corp., supra,* p 594, quoting *Scarano v Central R. Co.,* 203 F2d 510, 513). Judicial estoppel generally is applied where a party to an action has secured a judgment in its favor by adopting a certain position and then seeks to take a contrary position in the same action or in another action arising from the judgment *(see, Horn v Bennett,* 253 App Div 630, *lv denied* 278 NY 736). Here,

plaintiff was a party's representative, not a party, in the prior action, and plaintiff's only success lay in the denial of defendant's motion for increased counsel fees. It did not secure a judgment in its favor by adopting the position that defendant did not breach the retainer agreement. Accordingly, we find the present situation to be totally inappropriate for application of judicial estoppel and that Special Term correctly denied defendant's motion for summary judgment.

Order affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.