■ TILLES INVESTMENT COMPANY, Appellant-Respondent, v TOWN OF OYSTER BAY, Respondent-Appellant, et al., Defendants. [615 NYS2d 895] —In an action, *inter alia,* for a judgment declaring that the existing zoning of its property was invalid, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated April 7, 1992, as, *inter alia,* denied its motion for partial summary judgment on its first, third, fourth and sixth causes of action, and the defendant Town of Oyster Bay cross-appeals from so much of

the same order as denied its motion for summary judgment dismissing the plaintiff's complaint.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the contention of the plaintiff, the Supreme Court correctly held that the doctrine of judicial estoppel was inapplicable to the instant case. Generally, judicial estoppel will be applied where a party to an action has secured a judgment in its favor in a prior action by adopting a certain position and then has sought to assume a contrary position in the second action simply because its interests have changed (see, Anonymous v Anonymous, 137 AD2d 739; see also, Northern Metro. Residential Health Care Facility v Ledri Realty Assocs., 179 AD2d 133, 137; Hinman, Straub, Pigors & Manning v Broder, 124 AD2d 392, 393). The evidence reveals that the Town of Oyster Bay (hereinafter the Town) did not secure a favorable judgment in prior litigation as a result of its adoption of an inconsistent position regarding the nature of its comprehensive zoning plan (see, Anonymous v Anonymous, 137 AD2d 739, supra).

Furthermore, in view of the existence of mixed questions of law and fact, the Supreme Court properly denied the Town's cross motion for summary judgment (see, Mottes v Hambrecht & Quist, 126 AD2d 611). Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.