35 W. Realty Co., LLC v Booston LLC (2019 NY Slip Op 02831)





35 W. Realty Co., LLC v Booston LLC


2019 NY Slip Op 02831


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9000 653674/15

[*1]35 West Realty Co., LLC, Plaintiff-Respondent,
v
Booston LLC, Defendant-Appellant, Friedphil Realty Corp., Defendant.


David Rozenholc & Associates, New York (Gary N. Horowitz of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Michael E. Feinstein of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered March 27, 2018, which, to the extent appealed from as limited by the briefs, denied defendant Booston LLC's motion for summary judgment dismissing the complaint as against it, and granted plaintiff's cross motion for summary judgment declaring that the term of the lease between plaintiff and Booston dated October 10, 2000 expires October 31, 2020 and that the purported amendment to the lease dated March 29, 2005 is null and void and of no force or effect, and awarding plaintiff its reasonable attorneys' fees and expenses to be paid by Booston, declared as described above, and directed the Sheriff of New York County to remove Booston from the premises in the event Booston fails to vacate and surrender possession of the premises to plaintiff on or before October 31, 2020, unanimously modified, on the law, to deny plaintiff's motion and vacate the declarations and the direction to the Sheriff, and otherwise affirmed, without costs.
The doctrine of judicial estoppel does not bar Booston from asserting that its lease with plaintiff expired after October 31, 2020, although it represented in the verified complaint and an affidavit in a prior Yellowstone action that the lease expired on that date, because Booston did not obtain a favorable ruling or judgment in the Yellowstone action as a result of that position (see e.g. Herman v 36 Gramercy Park Realty Assoc., LLC, 165 AD3d 405, 406 [1st Dept 2018]; Tilles Inv. Co. v Town of Oyster Bay, 207 AD2d 393, 394 [2d Dept 1994]). The Yellowstone court did not rely on Booston's representation as to the expiration date of the lease in deciding that matter. The representations in the verified complaint and affidavit are, at most, informal judicial admissions, which are not conclusive but may be used at trial as some evidence of the facts as represented (see Ficus Invs., Inc. v Private Capital Mgt., LLC, 61 AD3d 1, 11 [1st Dept 2009]).
The parties' conflicting reasonable interpretations of the February 14, 2008 amendment to the lease present an issue of fact whether the amendment nullified and voided the purported March 25, 2005 amendment at issue (Yanuck v Patson & Sons Agency, 209 AD2d 207 [1st Dept 1994]; Dermot Co., Inc. v 200 Haven Co., 41 AD3d 188, 192 [1st Dept 2007]). Moreover, Booston's principal's affidavit showing that he authenticated the 2005 amendment raises an issue of fact whether that amendment was, as plaintiff alleges, a forgery.
We have considered Booston's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK