FREDERICK v. OLIVER & BURR.

(Supreme Court, Appellate Division, Third Department. December 30, 1912.)

1. TRIAL (§ 14*)—CALENDARS—STRIKING CAUSE FROM CALENDAR—RULES OF COURT.

Where a plaintiff fails, as authorized by a rule of court, to show reason why the case, which has been on the calendar for several years, should be continued thereon, and the case is stricken, he must, to have the case restored, satisfy the court that the case is a live one and likely to be tried.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 33; Dec. Dig. § 14.*]

2. TRIAL (§ 14*)—CALENDARS—STRIKING CAUSE FROM CALENDAR—RULES OF COURT.

Code Civ. Proc. § 977, providing that a case put on the calendar must remain thereon until disposed of, means that a case shall continue on the calendar as unfinished business until the court for good reason otherwise disposes of it; and under section 822, authorizing the court in its discretion to dismiss the complaint for unreasonable neglect to proceed with the case, the court may on its own motion and on proper notice strike from the calendar any case which in its judgment is not a live one and is on the calendar for an unreasonable time.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 33; Dec. Dig. § 14.*]

Appeal from Special Term, Albany County.

Action by Charles F. Frederick against Oliver & Burr. From an ·order refusing to restore the case to the general calendar, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, BETTS, HOUGHTON, and LYON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Edwin W. Sanford, of Albany (William E. Woollard, of Albany, of counsel), for appellant.

Herrick & Herrick, of Albany, for respondent.

JOHN M. KELLOGG, J. [1] The case was duly placed upon the general calendar of the court in Albany county, and noticed for trial at the September, 1908, term, and on May 8, 1912, the court made an order reciting that pursuant to an order to show cause under rule 16, no cause having been shown, the case was stricken from the calendar, and the attorneys were informed that it would not be restored by the clerk, except on the order of the court. Rule 16, printed in the calendars of the Albany Trial Terms, provides, in substance, that the court may make an order at the opening of the term directing the clerk to mail to each attorney whose name appears as attorney in a cause on the calendar which has been at issue for more than two years an order to show cause, returnable at the opening of the court on the second Monday of the term, why such cause should not be stricken from the calendar, and such justice shall on that day call the calendar and strike therefrom all such cases, where no reason is shown for their continuance thereon. Evidently, under this order to show cause, which we must assume was properly served, the plaintiff had an ample opportunity to show a reason, if there was any, why the case should be continued upon the calendar. Not having availed himself of that opportunity, it became necessary, in order to have the case restored upon the calendar, to satisfy the court that it was really a live case, and that there was no substantial reason why it should not again appear upon the calendar, and give some reason why it had not been tried, and why he did not appear on the order to show cause. The court very properly held that the affidavit in this case was insufficient to require a reinstatement of the case. The court must be satisfied that it is a live case and likely to be tried, and that it is not put upon the calendar as a convenient resting place for four years more.

[2] It is, however, urged that under section 977 of the Code of Civil Procedure the case was improperly stricken from the calendar. That section provides, in substance, that in the county of Albany, where a case has been duly noticed and put upon the calendar, it is not necessary to serve a new notice of trial or a new note of issue for a succeeding term, "and the action must remain on the calendar until it is disposed of." Clearly this does not mean until it is tried; for, if that were its meaning, a calendar would be of no practical value to the court, the attorneys, or suitors, and would furnish no indication of what business is to come before the court for trial. This section evidently means until the case is disposed of in some way by the court. It does not deprive the court of its reasonable control over its own calendar practice. This case, as a case on the calendar for trial, was disposed of by the order striking it from the calendar. The section, I think, fairly means that the case shall continue on the calendar as unfinished business until the court, for good and sufficient reason, otherwise disposes of it. Under section 822 of the Code of

Civil Procedure the court may in its discretion dismiss the complaint, where the plaintiff unreasonably neglects to proceed with the case. But the right to free the calendars of the court of a stale case does not necessarily depend upon the action of the defendant under this section. The court may take the matter in its own hand, and upon proper notice strike from the calendar any case which in its judgment is not a live case and is found upon the calendar for an unreasonable time.

The order appealed from is therefore affirmed, with costs, with the right to the appellant to make such further motion for the restoration of the case as he may be advised. All concur.