FRANCIS J. SWEETING, Respondent, *v.* THE STATEN ISLAND AND MIDLAND RAILWAY COMPANY, Defendant, Impleaded with THE CITY OF NEW YORK, Appellant.

Second Department, January 26, 1917.

Practice — renewal of action — section 405 of the Code of Civil Procedure construed — dismissal for failure to answer call of calendar — limitation of action — pleading — claim against municipality.

Section 405 of the Code of Civil Procedure, relating to the renewal of an action where judgment has been reversed and limiting the time for such renewal, is a remedial statute to be liberally construed.

A plaintiff whose action has been dismissed on his failure to answer the call of the calendar at the Trial Term may begin a new action under the authority of the section of the Code aforesaid.

Such mistake or inadvertence of counsel, resulting in the dismissal of an action, is neither a "voluntary discontinuance," nor a dismissal "for failure to prosecute."

A plaintiff suing the city of New York sufficiently meets the requirements of section 261 of the charter requiring the presentation of claims against the city to be pleaded, where he avers that the city has "not settled or adjusted or offered to settle or adjust the said claim."

APPEAL by the defendant, The City of New York, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Richmond on the 29th day of December, 1916, denying its motion for judgment on the pleadings, consisting of a complaint and answer.

*George A. Green* [*Lamar Hardy, Corporation Counsel,* and *Thomas F. Magner* with him on the brief], for the appellant.

*Alvin Theo. Sapinsky,* for the respondent.

PER CURIAM:

Section 405 of the Code of Civil Procedure is a remedial statute to be liberally construed. (*Gaines* v. *City of New York,* 215 N. Y. 533, 539; 25 Cyc. 1314.) Plaintiff should be allowed to bring his action renewing his original suit, which had been dismissed on failure to answer the call of the calendar at the Trial Term. Such mistake or inadvertence of the attorney was neither a "voluntary discontinuance" nor a dismissal "for neglect to prosecute," which latter term applies to

failure to try the cause until after younger issues shall have been tried in their regular order. (General Rules of Practice, rule 36.) This section of the Code of Civil Procedure permits a plaintiff to begin again on causes of action which have failed for some matter not involving the merits, unless the first action has been voluntarily abandoned.

Plaintiff's averment that the city has "not settled or adjusted or offered to settle or adjust the said claim," sufficiently meets the requirement of section 261 of the charter (Laws of 1901, chap. 466, as amd. by Laws of 1912, chap. 452); as, from the absence of an offer or overtures for settlement, an inference of failure, omission or refusal follows. Here "neglected" or "refused" are but the omission after opportunity to do some act for the city's protection. The language disapproved in *Casey* v. *City of New York* (217 N. Y. 192) was the bare negative, "not been adjusted or paid."

The denial of the city's motion for judgment is, therefore, affirmed, with ten dollars costs and disbursements.

JENKS, P. J., THOMAS, MILLS, RICH and PUTNAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.