LeRoy Harris, Appellant, v. Ralph Harris, Respondent. Ruth Harris, Appellant, v. Ralph Harris, Respondent.— Plaintiffs have appealed from an order dismissing their complaints. The motion to dismiss was made under subdivision 6 of rule 107 of the Rules of Civil Practice, upon the ground that the causes of action did not accrue within the time limited by law for the commencement of actions thereon; also pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice upon the ground that there are existing final judgments of a court of competent jurisdiction rendered upon the merits determining the same causes of action between the same parties. The actions are in negligence, arising out of an automobile accident·which occurred on May 17, 1930, and are subject to the three-year Statute of Limitations. Plaintiffs originally instituted identical actions in the Supreme Court of Rensselaer county. These actions were dismissed at calendar call on May 4, 1933, because plaintiffs' counsel failed to appear. The judgments of dismissal were not on the merits. (Civ. Prac. Act, § 482.) Plaintiffs apparently thereafter moved to open their defaults. From the record it appears that defendant applied for an order denying the motions made by plaintiffs. On the hearing of that motion plaintiffs' counsel stated that he had no opposition thereto, and orders were made, on defendant's motion, denying such applications. Thereafter and on April 10, 1934, and within one year after the complaints were dismissed in Rensselaer county, the plaintiffs instituted these actions in the Supreme Court of Schenectady county. Defendant thereupon moved to dismiss the complaint on the grounds stated. The court at Special Term granted the motions on both grounds. The judgments of dismissal were not on the merits and consequently the motions were erroneously granted on that ground. Plaintiffs are entitled to maintain these actions. (Civ. Prac. Act, § 23.) The failure of plaintiffs' counsel was neither a " voluntary discontinuance " nor a dismissal " for neglect to prosecute." (*Sweeting* v. *Staten Island & Midland R. Co.*, 176 App. Div. 494.) Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.

Isidore Miller and Another, Copartners Trading under the Firm Name and Style of Ellenville Auto Sales, Appellants, v. Hubert Kelly and Another, Respondents.— Appeal from order opening defendants' default. Through excusable misunderstanding defendants did not appear when this case was reached for trial. The default judgment was opened upon the payment of ninety-eight dollars and ninety cents by the defendants. Order unanimously affirmed, with fifty dollars costs and disbursements to the respondents and against appellants. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.