M. Henry Martuscello, J.
Defendant moves pursuant to rule 113 of the Rules of Civil Practice to dismiss the complaint herein on the basis of the affirmative defenses interposed in its answer, namely, (1) that the action was not instituted within the period prescribed by law and is therefore barred; and (2) that plaintiffs had instituted a prior action for the same causes of action as alleged in the complaint herein and that the defendant had duly recovered therein a judgment upon the merits against said plaintiffs.
In 1945 plaintiffs brought an action to recover damages arising out of personal injuries alleged to have been occasioned *455 by the negligence of the defendant. The notices of claim served on their behalf, prior to the commencement of that action, were not verified as required by section 50-e of the General Municipal Law, which became effective on September 1, 1945, it appearing that prior thereto no verification of said notices was required by the statute then applicable. Said action came on for trial in 1947; and, as appears from the minutes of said trial, there was offered in evidence the unverified notice of claim of one of the plaintiffs and upon objection thereto being taken by the defendant, same was excluded on the ground that it was not verified. Nothing further was offered upon that trial on behalf of the plaintiffs other than to have marked for identification the remaining notice of claim of the other plaintiff; and the defendant accordingly moved to dismiss the complaint and its motion was granted.
The judgment entered on said dismissal was silent as to whether same was on the merits. Within a year after the entry thereof the instant action was commenced by the plaintiffs; and in December, 1955 an order was made at a Special Term of this court permitting the verification of the notices of claim “ nunc pro tunc ” as of the time of the original service thereof in 1945. For aught that appears in the submitted papers no appeal was taken from said order. The sole question, therefore, to be decided on this motion is whether or not the afore-mentioned judgment of dismissal was on the merits.
Section 23 of the Civil Practice Act provides as follows: “ If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or if he dies and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination. This section also applies to the workmen’s compensation law.”
Section 482 provides as follows: ‘ ‘ Effect of judgment dismissing complaint. A final judgment dismissing the complaint before the close of the plaintiff’s evidence does not prevent a new action for the same cause of action, unless it expressly declares that it is rendered upon the merits. A dismissal of a complaint or a counterclaim at the close of the plaintiff’s or defendant’s evidence, as the case may be, or a dismissal of a complaint or counterclaim at the close of the whole evidence, is a final determination of the merits of the cause of action and *456 bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice.”
The aforesaid minutes disclose that the plaintiffs’ complaint was dismissed for failure to serve proper notices of claim. A notice of claim is a condition precedent to the commencement of an action against a municipality (Matter of Brown v. Trustees of Town of Hamptonburg School Dist., 303 N. Y. 484, 488). Where a complaint is dismissed for failure to comply with a condition precedent it has been held that the dismissal is not on the merits. Thus, in Buchholz v. United States Fire Ins. Co. (269 App. Div. 49, appeal dismissed 294 N. Y. 807), it was stated (p. 51): “ But the term ' merits ’ as used in section 23, has a broader connotation than it has as used in section 482 of the Civil Practice Act. Section 23, in effect, contemplates that a suitor have one adjudication of the substance or merit of his cause where he has initiated a suit in time. Where the failure to perform a condition precedent has barred consideration of the substance or merit of the cause, the right to a second suit is saved by the section.”
On the authority of the Buchhols case, I deny the motion.
Plaintiffs’ application in its opposing affidavit to strike out the first and second affirmative defenses as insufficient is denied without prejudice for failure to comply with rule 60 of the Rules of Civil Practice. Settle order on notice.