Jacob J. Schwartzwald, J.
This is a motion to dismiss the complaint pursuant to rules 106 and 107 of the Rules of Civil Practice.
The action is one brought to recover damages arising out of the alleged malpractice of the defendant in the months of January, March, April, May and December, 1948. The action was originally instituted by plaintiffs in August, 1949, and on the calendar call at Trial Term on September 14, 1954, it was dismissed because of the nonappearance of plaintiffs’ counsel. A judgment of dismissal was entered on September 17, 1954, and no appeal was taken from the judgment. Instead the plaintiffs on January 3, 1955, moved to vacate the judgment and that application was denied. The Appellate Division, Second Department, affirmed that order on March 26, 1956, and the present action was commenced on May 2, 1956.
It is the defendant’s contention that this action is barred by the two-year Statute of Limitations. Plaintiffs on the other hand argue that section 23 of the Civil Practice Act applies and that the action is timely since it was commenced within one year after the termination of the prior action. Section 23 reads: “If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding *119 a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination.”
Where, as here, the complaint was dismissed because of the nonappearance of plaintiffs’ counsel on a calendar call, section 23, quoted above, applies. (Sweeting v. Staten Is. & Midland Ry. Co., 176 App. Div. 494.)
The real question presented here is whether plaintiffs’ time to commence their second action pursuant to section 23 is to be computed from September 14, 1954, or from March 26, 1956, when the Appellate Division affirmed the order denying plaintiffs’ motion to vacate the judgment of dismissal. It will be observed that section 23 speaks of the termination of the action and such termination should be considered as that point of time in the litigation when the plaintiffs have exhausted their rights with respect thereto. (Brumel v. Hartford Fire Ins. Co., 158 Misc. 311, 316.) In the light of the foregoing it is my view that plaintiffs’ former action was terminated for all purposes when the Appellate Division affirmed the order denying plaintiffs’ application to vacate the judgment of dismissal on March 26, 1956, and, consequently, plaintiffs’ second action was instituted within the one-year period prescribed by section 23. (Wooster v. Forty-Second St. & Grand St. Ferry R. R. Co., 71 N. Y. 471.) Defendant’s motion is therefore denied. Submit order.