Walter R. Hart, J.
Each defendant separately moves to dismiss the complaint pursuant to rule 107 of the Rules of Civil Practice on the ground that the action is barred by the three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 6).
On April 24, 1953 plaintiff was injured as a result of an accident allegedly caused by the negligence of the defendants. In June, 1953 plaintiff instituted the first action to recover damages therefor. On January 24, 1958 said action was dismissed at a Trial Term for the failure of plaintiff to select a jury. On June 15, 1958 and within one year from the termination of the first action plaintiff instituted the present action for the same cause.
The question presented is whether the plaintiff was entitled to commence a new action under the provisions of section 23 of the Civil Practice Act.
Defendants urge that the dismissal of the first complaint was “ for neglect to prosecute the action ” and therefore under the statute in question plaintiff was not privileged to institute the second action for the same cause within one year after such termination.
There is no merit to this contention. Under the circumstances herein the dismissal for failure to select a jury should not he construed as a “ neglect to prosecute the action.” The latter term should he construed to apply in situations contemplated *924 under the provisions of section 181 of the Civil Practice Act and rule 156 of the Buies of Civil Practice, which permit a defendant to apply upon motion for a dismissal of the complaint for the unreasonable failure of the plaintiff to bring the action to trial. (See Sweeting v. Staten Is. & Midland Ry. Co., 176 App. Div. 494; Sperling v. McGee, 73 N. Y. S. 2d 406.) In the case at bar the dismissal referred to was not on the merits but rather equivalent to a dismissal for nonappearance. In such circumstances the new action for the same cause commenced within one year from the date of said dismissal was timely. (Civ. Prac. Act, §§ 23, 482; Haber v. Telson, 2 Misc 2d 118; see, also, Holland v. Schwartz, 22 N. Y. S. 2d 283, affd. 259 App. Div. 1083; Zahralban v. City of New York, 3 Misc 2d 454.)
Motions denied. Settle orders on notice.