Charles J. Hargett, J.
The defendant, in an action to recover damages for personal injuries and loss of services, moves to dismiss the amended complaint on the grounds that there is a prior action pending between the same parties for the same relief and that the second action was not commenced until three years following the accident, which occurred on June 15, 1955 (Eules Civ. Prac., rule 107, subds. 3, 5).
The original action was commenced on March 13,1956. It was placed' on the calendar for the September 1956 Term of this court. It was struck from said calendar on October 2, 1957, for plaintiffs’ failure to file a statement of readiness and dismissed by the clerk on October 2, 1958. By notice of motion, dated May 12, 1958, plaintiffs moved to extend the time to file their statement of readiness nunc pro tunc as of September 30, 1957, and. thereupon to restore the action to its original place on the calendar. This motion was denied upon the ground that the plaintiffs were not yet ready for trial in that they had failed to serve a bill of particulars pursuant to demand and an order of preclusion (N. Y. L. J., June 6, 1958, p. 13, col. 3). Thereupon the plaintiffs commenced a new action by the service of a summons upon the defendant on September 22,1958, based upon the same accident and damages upon which their original action was predicated.
When the summons in the second action was served on September 22, 1958, the original action was still pending in this court. It was merely struck off the calendar for plaintiffs’ failure to file a statement of readiness by October 1, Í957, as required by the Special Eule of the Appellate Division, Second *1084 Department. The defendant, however, did not raise the question of the. pendency of the first action until the motion papers herein were served on October 20, 1958, following the service of an amended complaint on October 17, 1958. By that time the first action had been dismissed pursuant to rule 302 of the Buies of Civil Practice, which is incorporated by reference in subdivision (e) of rule 2 of the Trial Term Buies of this court. Therefore, when the instant motion was maje the prior action was no longer pending. Accordingly, the objection of the pendency of another action is no longer available to the defendant. (See Gentilala v. Fay Taxicabs, 243 N. Y. 397, 399; Watkins v. Pacific Finance Corp., 259 App. Div. 685.)
As for the remaining ground of the defendant’s motion, that the second action was commenced more than three months after it was barred by the three-year Statute of Limitations, this court is of the opinion that the action is saved by the provisions of section 23 of the Civil Practice Act which, in substance, give a'plaintiff a year after a dismissal of an action, other than upon the merits, to sue again on the same cause of action. While it is true that section 23 excepts from its application cases which were terminated for, among other reasons, “ a dismissal of the complaint for neglect to. prosecute the action”, this court is of the opinion that a dismissal of an action because it has not been restored to the calendar within one year after it was struck therefrom, for failure to file a statement qf readiness, is not a dismissal “ for neglect to prosecute the action.” The tendency of the courts for more than half a century has been to extend the benefit of the exceptions given to the Bar of the Statute of Limitations contained in section 23 of the Civil Practice Act, formerly section 405 of the Code of Civil Procedure, except where there is an express statute or contract to the contrary. (Conolly v. Hyams, 176 N. Y. 403, 406-407.) Here there is no such statute or contract and, obviously, the Special Buie of the Appellate Division requiring the filing of a statement of readiness became effective (Jan. 15, 1957) long after section 23 of the Civil Practice Act and its predecessor statute were enacted.
The term “ neglect to prosecute the action ” as used in said statutes was held to apply to failure to try a cause after younger issues have been tried in their regular order (Sweeting v. Staten Is. & Midland Ry. Co., 176 App. Div. 494) -within the meaning of rule 156 of the Buies of Civil Practice and its predecessor rules of similar import. That term does not apply to a dismissal under the circumstances here presented, no more than it does when an action is dismissed because of the failure *1085 of plaintiff’s counsel to appear on a calendar call (Harris v. Harris, 246 App. Div. 667; Haber v. Telson, 2 Misc 2d 118) or to select a jury (Schnech v. S. T. Grand, Inc., 11 Misc 2d 923).
Accordingly the motion is denied with leave to the defendant to answer within 10 days after the service of a copy of the order to be entered hereon.
Submit order.