Jacob J. Schwartzwald, J.
Defendants move pursuant to subdivision 3 of rule 107 of the Buies of Civil Practice, for an order granting judgment dismissing the complaint upon the ground that there is another action pending between the same parties for the same relief. A further motion has been made by defendants seeking, by way of alternative relief, a dismissal of the complaint pursuant to section 476 of the Civil Practice Act upon the ground that the affidavit submitted in opposition to the motion made under subdivision 3 of rule 107 of the Buies of Civil Practice contains an admission that the first action was deliberately and voluntarily abandoned by plaintiff.
Motions denied. The very affidavit submitted in support of defendants’ motion made pursuant to rule 107 of the Buies of Civil Practice, reveals that the first action appeared on the Day Calendar of this court on January 11, 1956, and that the case was marked ‘ ‘ dismissed ” as a consequence of the failure to answer the calendar on that day. It further appears conceded that no motion has been made to open the default and to restore the case to the calendar.
The case having been marked off the calendar and not restored within one year thereafter, the action was deemed abandoned and the complaint automatically dismissed, with the clerk having the duty to make appropriate entry without any further order. (Rules Civ. Prac., rule 302; Kings County Supreme Ct. Rules, rule 4, subd. [b]; Roe v. Kurkhill, 6 A D 2d 716; Balaka v. Stork Restaurant, 3 A D 2d 857.) The rule is automatic and self-executing (Balaka v. Stork Restaurant, supra; Wheelock v. Wheelock, 3 A D 2d 25, affd. 4 N Y 2d 706) and the action is *810 considered terminated upon the expiration of the one-year period following the striking of the case from the calendar. (Wheelock v. Wheelock, sufra.)
As has been hereinbefore indicated, defendants also contend that they are, in the alternative, entitled to judgment dismissing the complaint pursuant to section 476 of the Civil Practice Act in that the affidavit submitted in opposition to defendants’ motion made under subdivision 3 of rule 107 of the Buies of Civil Practice, contains an admission that the first action was deliberately abandoned. I do not view such an admission as one which is within the purview of section 476. In any event, even if the first action had been deliberately abandoned by plaintiff, the dismissal in that case cannot be deemed to have been on the merits and any judgment that might have been entered upon such dismissal would not have barred another action for the same cause. (Civ. Prac. Act, § 482.) Defendants cited Sweeting v. Staten Is. & Midland Ry. Co. (176 App. Div. 494) for the proposition that section 405 of the Code of Civil Procedure (from which section 23 of the Civil Practice Act derives) permits a plaintiff to begin again on causes of action which have failed for some matter not involving the merits, except where the first action has been voluntarily abandoned. That ease involved a construction of a section of the code which related to commencement of new actions for the same cause after the time limited by law for the commencement of such actions had expired. Such a situation is not presented in the instant case and hence the cited case is not applicable.
Settle order on notice.