■ 185 LEXINGTON HOLDING CORP., Appellant, v. AARON HOLMAN, as Trustee under the Will of W. FORBES MORGAN, Deceased, Respondent.— Order and judgment (one paper) unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ WALTER F. BOMAR, Respondent, v. HEBRERT ROSE, INC., et al., Appellants.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ ROSE L. POMERANTZ, as Administratrix of the Estate of NATHAN J. POMERANTZ, Deceased, Appellant, v. HENRY W. CAVE et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to defendants-respondents. This action was commenced after it was barred by the Statute of Limitations (Civ. Prac. Act, § 50) and was not saved by the provisions of section 23 of the Civil Practice Act which, in substance, enables a plaintiff a year after the termination, on grounds other than upon the merits, a voluntary discontinuance or neglect to prosecute, to sue again on the same cause of action. The dismissal of the appellant's prior actions, pursuant to rule 302 of the Rules of Civil Practice, by reason of the fact that they had not been restored to the calendar within one year after being stricken therefrom for failure to file statements of readiness, and the order thereafter made denying appellant's motion to open her said default and to vacate the judgment therein, affirmed herewith, constitute a dismissal for neglect to prosecute said actions within the purview of the exception of section 23 of the Civil Practice Act. (*Barnett Co.* v. *St. Paul Fire & Marine Ins. Co.,* 7 A D 2d 897; *Roe* v. *Kurkhill,* 6 A D 2d 716; *Walsh* v. *Ben Riley's Arrowhead Inn,* 2 A D 2d 714; *Loomis* v. *Girard Fire & Marine Ins. Co.,* 256 App. Div. 443; *contra: Austrian* v. *Red Arrow Bonded Messenger Corp.,* 16 Misc 2d 1082.) Section 181 of the Civil Practice Act enables a defendant to move the court for a dismissal of the complaint for unreasonable neglect to proceed in the action. The said section was not intended to nor does it circumscribe the inherent power of the courts over the control of their calendars. (Cf. *Plachte* v. *Bancroft, Inc.,* 3 A D 2d 437; *Frederick* v. *Oliver & Burr,* 154 App. Div. 346.) Rule 302 of the Rules of Civil Practice is not in conflict with or precluded by section 181 of the Civil Practice Act. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.