Charles Margett, J.
The defendant moves to dismiss the complaint ‘ ‘ because of the reasons cited in the said affidavit and because of the plaintiff’s flagrant failure to prosecute.”
According to the supporting affidavit, the plaintiff sustained personal injuries and property damage by reason of the alleged negligence of the defendant on January 14,1954. He commenced an action on February 23, 1954, and the cause was placed on the calendar on September 13,1954. Following many adjournments, when the case was reached for trial it was dismissed on the call of the calendar on January 22, 1960, and a judgment of dismissal and for costs in the sum of $108 was entered on February 15’, 1960. A copy thereof, with notice of entry, was served, but such judgment has not been paid to date.
A second action for the damages allegedly sustained in the same accident, to which this motion is addressed, was commenced by the service of a summons and complaint by the *941 Sheriff of Nassau County on or about February 5, 1961. The stamp of the Sheriff on the copy of the summons served indicates that it was filed with him on December 29, 1960. The defendant interposed an answer on or about February 15, 1961, and now seeks the dismissal of the second action ‘1 because of the reasons recited above and because of the plaintiff’s flagrant failure to prosecute the same (“ Wherefore ” clause in supporting affidavit of one of the attorneys for the defendant, sworn to March 3, 1961.)
The plaintiff contends that his second action was timely commenced under the provisions of section 23 of the Civil Practice Act which, in substance, enables a plaintiff, a year after the termination of a prior action, on grounds other than upon the merits, a voluntary discontinuance or neglect to prosecute, to sue again on the same cause of action. Since the term ‘ ‘ neglect to prosecute the action ”, as used in section 23, has been held not to apply when an action is dismissed for the failure of plaintiff’s counsel to appear on the calendar call (Harris v. Harris, 246 App. Div. 667; Haber v. Telson, 2 Misc 2d 118; see, also, Schenck v. S. T. Grand, Inc., 11 Misc 2d 923), the plaintiff in this case timely commenced his second action by the service of the summons and complaint therein on February 5, 1961, less than a year since the entry of the judgment of dismissal on February 15,1960, and the subsequent service thereof. Even if the termination of the first action were deemed to have occurred on the date of the calendar call on January 22, 1960, when the action was dismissed by the Presiding Justice, the second action would still be timely in view of section 17 of the Civil Practice Act. The motion is accordingly denied.