■ JAMES WRIGHT, Appellant, v. L. C. DEFELICE & SON, INC., et al., Respondents. — In an action to recover damages for personal injury, based on the defendants' negligence, the plaintiff appeals: (1) from an order of the Supreme Court, Westchester County, dated November 14, 1963, which granted defendants' motion for summary judgment dismissing the complaint upon the ground that the action was barred by the Statute of Limitations, and which denied plaintiff's cross motion to strike out the defense of the Statute of Limitations; (2) from the order of said court, dated May 24, 1963, which denied plaintiff's motion to vacate the dismissal of his prior action; and (3) from the judgment of said court, entered June 13, 1963, which dismissed the said prior action "for failure to prosecute". Order of November 14, 1963 affirmed, without costs. Appeal from the order of May 24, 1963 and from the judgment dismissed, without costs; plaintiff in his brief has elected to abandon such appeal. The plaintiff had brought the previous action in 1956 against the same defendents predicated on the same cause of action. That action was noticed for trial and on several occasions it appeared on the Day Calendar, but plaintiff was not ready to proceed. On January 22, 1963, when the action again appeared on the Day Calendar, plaintiff was again not ready and the trial was set down peremptorily against the plaintiff for January 29, 1963. On that date, plaintiff again was not prepared to proceed with the trial; and the court dismissed the action "for failure to prosecute". Thereafter the plaintiff moved to vacate such dismissal and to restore the action to the calendar for trial. The motion was denied, and, as stated above, plaintiff has elected to abandon his appeal from the order denying such motion and from the judgment of dismissal. The present action was commenced within six months after the dismissal of the previous action, but beyond the time limited by the Statute of Limitations. We are of the opinion that the Statute

of Limitations bars the present action. Under the circumstances here presented, we find that the earlier action was "terminated" for "neglect to prosecute the action" within the meaning of the statute (CPLR 205). Hence, a new action may not be commenced after the expiration of the period prescribed by the Statute of Limitations. The case of *Sweeting* v. *Staten Is. & Midland Ry. Co.* (176 App. Div. 494) is distinguishable. There the court found that there had been a mistake or inadvertence by the plaintiff in failing to answer a calendar call. For the same reason *Harris* v. *Harris* (246 App. Div. 667) is also distinguishable. Here, however, the plaintiff appeared on several calendar calls; he was not prepared to proceed, and the action had been set down peremptorily against him. On the final adjourned date, while the plaintiff appeared, he was again not prepared to proceed. In the true and practical sense the plaintiff *failed by reason of his neglect to prosecute* his action between 1956 and 1963. To construe plaintiff's repeated and deliberate failure to proceed to trial in any manner other than as a neglect to prosecute would result in harassment and undue expense to the defendants; they would be penalized by the plaintiff's unreasonable and willful procrastination despite their own readiness to proceed. Moreover, we should not be assiduous to undermine the control of the Trial Judge over his calendar in these days of congestion and delay in the disposition of causes — a condition not nearly so prevalent at the time of the decision in both *Sweeting* and *Harris* (*supra*). (For decision at Special Term, see 40 Misc 2d 642.) Beldock, P. J., Ughetta, Brennan and Hopkins, JJ., concur; Kleinfeld, J., concurs in the dismissal of the appeal from the order and judgment, but dissents as to the affirmance of the order of November 14, 1963, and votes to reverse the said order and to deny defendants' motion to dismiss and to grant plaintiff's cross motion to strike out the defense of the Statute of Limitations, with the following memorandum: In the decisions cited by the majority (*Sweeting* v. *Staten Is. & Midland Ry. Co.,* 176 App. Div. 494, and *Harris* v. *Harris,* 246 App. Div. 667), it was held that a dismissal, for nonappearance upon a calendar call, does not constitute a dismissal for neglect to prosecute. The plaintiff at bar, who appeared and applied for an adjournment, was less neglectful than the plaintiffs in the cited cases, who did not appear at all. In my opinion, a dismissal, granted at a calendar part of the court, for failure to be ready for trial on a specific date, is not a dismissal for neglect to prosecute (*Schneck* v. *Grand,* 11 Misc 2d 923).