Abraham N". Gelleb, J.
This is a second action brought by plaintiff. The first action was dismissed on February 7, 1963 in a trial part, when plaintiff failed to proceed with the trial of the action. His motion to vacate the dismissal was denied, and he thereafter commenced this action on December 13, 1963. Defendant asserted in its answer the defense of the Statute of Limitations. It now moves for summary judgment dismissing the complaint on that ground.
The limitation period had long since expired when the second action was commenced, but section 23 of the Civil Practice Act contained a saving provision permitting a second action for the same cause to be brought within one year after the termination of the first action, except in certain situations. CPLR went into effect September 1, 1963, and CPLR 205 (subd. [a]) reduced this extension period to six months.
Defendant contends that the circumstances of the dismissal of the first action do not entitle plaintiff to this saving provision for a second action. But, even assuming that it is applicable, it urges that the second action was not commenced within the six months’ extension period of CPLR 205 (subd. [a]). CPLR 218 (subd. [b]) provides the answer to that contention. The Statute of Limitations for a cause of action not barred on the effective date of CPLR is either the period of time applicable under the Civil Practice Act or CPLR, whichever is longer. On September 1,1963, CPLR’s effective date, about seven months after the dismissal or termination of the first action, the cause of action was not barred by virtue of section 23 of the Civil Practice Act, and the second action could, therefore, be commenced, and was commenced, within its one-year saving provision.
The real basis for defendant’s motion is that plaintiff is not entitled to any extension for a second action on the ground that *825 the dismissal of the first action constituted a dismissal for “ neglect to prosecute ” which, together with voluntary discontinuance and dismissal on the merits, are the exceptional termination situations in section 23 of the Civil Practice Act and CPLR 205 (subd. [a]) providing no extension period.
The relevant facts bearing on the dismissal set forth in plaintiff’s detailed affidavit and not disputed by defendant, are the following: Plaintiff applied for and obtained a special preference. The case appeared on the calendar 31 times before being assigned to a Trial Part. On 19 it was passed for the day and on the remaining 12 it was marked ready subject to engagement of defendant’s trial counsel. On January 16, 1963, it was assigned to a Trial Term “ Blockbuster ” Part for February 7, 1963. On February 1, 1963, another case pending in New York County in which plaintiff’s trial counsel was trial counsel was assigned to a Trial Term Part. That trial commenced February 4, 1963, and was not completed until February 7, 1963 at 6:00 p.m. with the rendition of a verdict. The New York Law Journal showed eight cases, including this one,11 holding ’ ’ in the Bronx Trial Part for February 7,1963.
On February 7, 1963 an application for adjournment on the ground of actual engagement was made to the Trial Justice. The transcribed record of the proceedings has been annexed. It indicates that the other seven cases had been disposed of by settlement or other disposition, and that the calendar of the Part was clear except for this case. The Trial Justice stated that this was a Trial Part, not a Calendar Part, and no application for adjournment would be entertained in accordance with the rule. The case was held for some period of time so that an attorney could be procured to pick a jury and proceed with the trial. When this could not be done, the case was dismissed. At no point in the record was anything stated by the Trial Justice as to ‘1 neglect to prosecute ” or any equivalent phrase.
Defendant relies on the line of cases, holding that the willful refusal to comply with the court’s direction to pick a jury and to proceed to trial constitutes a <e neglect to prosecute ” within the meaning of section 23 of the Civil Practice Act or CPLR 205 (subd. [a]) (Haber v. Telson, 4 A D 2d 677, affd. 4 N Y 2d 687; Wright v. Defelice & Son, 22 A D 2d 962; Schuman v. Hertz Corp., 23 A D 2d 646; Hymowitz v. Soprinsky, 24 A D 2d 750; Jelinek v. City of New York, 25 A D 2d 425).
However, Schuman v. Hertz Corp. (supra) was reversed by the Court of Appeals (17 NY 2d 604), the court stating (p. 605) : ‘ ‘ The record before us indicates that the dismissal of the origi *826 nal suit was not intended by the Justice presiding to be a dismissal for neglect to prosecute.”
Moreover, in none of the cases cited was there any application for adjournment on the ground of actual engagement. In each of them there was a willful and deliberate refusal, whatever the reason, to go to trial.
It is quite clear from this record that the Trial Justice could not have intended and did not intend his refusal of an adjournment under these circumstances to carry with it the added consequences of a dismissal for neglect to prosecute. The mere dismissal of the action, if not subsequently vacated, would impose a sufficiently heavy burden to satisfy the calendar rule requirements, which the Trial Justice evidently felt bound to follow in a “Blockbuster” Part, since a second action would involve liability for costs, considerable additional work, expense, and the delay of a complete turn of the Trial Calendar.
The entire record of the proceedings in the first action conclusively establishes that there was no neglect to prosecute the action on the part of plaintiff’s counsel.
Defendant’s motion is accordingly denied.