B. Thomas Pantano, J.
Defendant seeks leave to serve a supplemental answer to set up additional defenses of (1) res judicata, (2) another action pending between the same parties for the same cause, and (3) laches. Since the facts on which these defenses are based arose prior to the making of the answer herein, this is more properly deemed a motion for leave to serve an amended answer.
The defenses sought to be interposed arise out of the fact that an action, allegedly between the same parties for the same cause, had been instituted in the Civil Court, Queens County, on April 4,1967. On January 5,1968, that action was dismissed *266 on the call of the calendar for the nonappearance of the plaintiff.
This action was instituted on August 10, 1968.
Neither the affidavits in support of the motion nor the extract of the minutes of the Queens County action indicate that the dismissal was on the merits. Unless such a dismissal so specifies, it is not on the merits. (CPLR 5013, 3216, both derived from Civ. Prac. Act, § 482.) “ A judgment dismissing the complaint upon a plaintiff’s failure to appear is not upon the merits (Harris v. Harris, 246 App. Div. 667; * * *).” (Greenberg v. De Hart, 4 N Y 2d 511, 516-517; see also Mink v. Keim, 291 N. Y. 300.)
The other defenses sought to be raised also palpably lack merit.
The court is aware that the sufficiency of a proposed pleading normally will not be inquired into on a motion to amend.
However, where the defenses sought to be raised by the amendment are palpably insufficient, the motion will be denied. (Arcuri v. Arcuri, 265 N. Y. 358; Norton v. Norton 12 A D 2d 1003.)
In Dumbadze v. Agency of Canadian Car & Foundry Co. (38 N. Y. S. 2d 991, affd. 267 App. Div. 782) and Blessington v. McCrory Stores Corp. (198 Misc. 291, affd. 279 App. Div. 807, affd. 305 N. Y. 140) the courts delved into the merits upon a motion to amend a pleading.
The court is aware of Brock v. Brock (5 A D 2d 1002) wherein it was held that the sufficiency of the defense of res judicata should not be passed upon on a motion to amend the pleading. In the instant case, however, the dismissal is patently not on the merits. Where, as here, the defenses sought to be raised are so clearly without merit, the motion should not be granted.
The motion for leave to serve an amended answer is denied.