## (November 8, 1979)

■ DELIA LAFFEY, Respondent, v CITY OF NEW YORK, Appellant.—Order of the Supreme Court, New York County, entered January 11, 1979, denying defendant's motion to dismiss the action and for judgment in favor of defendant, reversed, on the law and the facts, and the motion granted, without costs and disbursements. Plaintiff brought action in 1970 to recover for injuries allegedly suffered as a result of the negligence of the defendant. In due course, the matter was assigned to an Individual Calendar Part for trial. At a conference held on September 12, 1972, before the Justice presiding in the part, the case was set for· trial for January 22, 1973. Counsel for both sides were informed that they were to be ready to proceed on that day and that no applications for adjournment based on the unavailability of counsel or of witnesses would be entertained. On the call of the calendar on the trial date, defense counsel answered ready. However, no one appeared for plaintiff. At 11:22 A.M. defendant moved to dismiss the action. The court granted the motion. Approximately a half hour later, plaintiff's counsel appeared and moved to vacate the default. Initially, he requested a two-week adjournment. Subsequently, that was modified to a request for a one-day adjournment. Finally, he stated that he was ready to go to trial, but that he had no witnesses available and could not "actually proceed to trial". In answer to the court's questioning, he acknowledged that he first sent a letter to his client informing her of the trial date about two weeks earlier, but that she made no response thereto. After a colloquy, the court stated that "the dismissal of the complaint will stand". Despite an entreaty by plaintiff's counsel that such a determination would foreclose further action by plaintiff, the court ordered dismissal of the complaint. On January 30, 1973, some 24 days prior to the entry of the judgment of dismissal, plaintiff, in reliance on CPLR 205 (subd [a]), instituted the present action which, in all respects, is identical with the action theretofore dismissed. That section provides that upon dismissal of an action other than by "a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same cause of action within six months after the termination". Laying aside the procedural infirmity flowing from the commencement of the present action prior to the termination by judgment of the prior one, we are constrained to hold that dismissal of the prior action was for "neglect to prosecute" within the meaning of CPLR 205 (subd [a]) *(Wright v Defelice & Son,* 22 AD2d 962, affd 17 NY2d 586). Hence, the institution of this action was improper and it should be dismissed. Concur—Murphy, P. J., Birns, Bloom and Silverman, JJ.

Fein, J., dissents in a memorandum as follows: In reversing, the majority

concludes that a default judgment entered for defendant upon plaintiff's failure to appear personally for commencement of trial necessarily constitutes a dismissal "for neglect to prosecute the action", within the meaning of CPLR 205 (subd [a]), so as to preclude recommencement of the same action within six months. I disagree. Under the circumstances here, I would affirm the denial of defendant's motion for summary judgment in the recommenced action. The motion was technically based upon the Statute of Limitations requiring commencement of an action within one year and 90 days (General Municipal Law, § 50-i). CPLR 205 (subd [a]) permits recommencement of an originally timely commenced action within six months after termination of the original action, provided that termination of the original action was not due to "dismissal of the complaint for neglect to prosecute the action". Not every dismissal for failure to appear on a calendar call or on a trial date is a "dismissal of the complaint for neglect to prosecute the action". The test is the intention of the Judge who dismissed the action. *(Schuman v Hertz Corp.,* 17 NY2d 604; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:33, p 940.) Thus, in *Wright v Defelice & Son* (22 AD2d 962, affd 17 NY2d 586), relied on by the majority, the order and judgment dismissing the prior action was "for failure to prosecute", premised on plaintiff's "repeated and deliberate failure to proceed to trial." Similarly in *Flans v Federal Ins. Co.* (43 NY2d 881) the prior dismissal "was inferentially for 'neglect to prosecute' ", where plaintiffs had moved overseas and failed to appear for an examination before trial and on the date set for trial, and there were other "protracted and repeated delays by plaintiffs" (p 882) as well as a stipulation for dismissal if plaintiffs failed to appear for examination before trial or for trial on the appointed dates. Such was not the case here. The record before us does not indicate any more than one appearance of this action on the Trial Calendar after it was set for trial. The Trial Justice dismissed the action, "no one having appeared on behalf of the plaintiff", when the plaintiff failed to appear when the case was called the second time that morning. Later in the morning the Justice refused to vacate the default, on counsel's belated application, because plaintiff was not ready to proceed and sought a short adjournment. There followed a motion on notice to vacate the default and restore the action to the Trial Calendar, which was denied in those terms by an order which did not describe the prior oral order as a dismissal for "neglect to prosecute" or for "failure to prosecute". The judgment entered by the clerk described the dismissal as one "for failure to proceed to trial". On this record it cannot be concluded that the prior dismissal was for "neglect to prosecute" within the meaning of CPLR 205 (subd [a]). The trial court properly imposed the sanction of dismissal for plaintiff's failure to answer the calendar and to be ready for trial, but there is no indication that such dismissal was for "neglect to prosecute" *(Cordova v City of New York,* 57 Misc 2d 823), or was otherwise intended to prejudice a subsequent bona fide recommencement of the action. As *Cordova* notes, dismissal requiring the bringing of a new action constitutes a heavy sanction. Certainly, defendant was not prejudiced by the recommencement, as is obvious from its subsequent conduct. It waited five years after commencement of the new action before moving to dismiss this second complaint for "neglect to prosecute" the prior action, and then only after the parties had agreed upon a tentative settlement in this action. The order denying defendant's motion for summary judgment should be affirmed.