■ NORTH EAST APPRAISALS, Respondent, v HARVEY FINK et al., Appellants.—Appeal from a judgment of the Supreme Court, in favor of plaintiff, entered August 3, 1979 in Tompkins County, upon a decision of the court at a Trial Term, without a jury. This is an action by plaintiff to recover brokerage fees for allegedly bringing about the sale of defendant's property. The court, after a trial without a jury, found in favor of plaintiff. This appeal ensued, and initially defendants contend that the court erred in refusing to grant an adjournment and requiring them to proceed to trial without counsel. The case was reached for trial on August 2, 1979. The record reveals that the case was marked ready at the opening day of the term on July 30, 1979. Presumably, the case was so marked by the plaintiff. The court had difficulty in contacting the attorney of record for the defendants, but finally succeeded that evening or the next morning, and the attorney stated that some weeks ago he advised his clients he could no longer represent them as he had accepted a position with New York State. It also appears from the record that defendant Harvey Fink was not aware that a trial date had been set until 9:00 A.M. on August 1, 1979; that the former attorney had not forwarded the file by this date; and that the new

attorney told defendant Harvey Fink to appear in court and request an adjournment. While the granting of an adjournment is within the discretion of the Trial Judge, we are of the view that the denial here constituted an abuse of discretion. The defendants were without the services of the attorney of record through no fault of their own. The new attorney had very short notice. Considering the record in its entirety, the defendants should not be penalized because of the possible neglect of either or both of their attorneys. Consequently, in our opinion, there should be a reversal and defendants afforded their day in court with representation by counsel. We pass on no other issues. Judgment reversed, on the law and the facts, without costs. Sweeney, Main and Mikoll, JJ., concur.

Greenblott, J. P., and Herlihy, J., dissent and vote to affirm in the following memorandum by Greenblott, J. P. Greenblott, J. P. (dissenting). We disagree with the majority's conclusion that the trial court's refusal to grant an adjournment constituted an abuse of discretion. To the contrary, the court properly exercised its discretion and directed that the case proceed to trial only after considering the period of time in which defendants had to secure new counsel, the status of the nonjury calendar for the term and the deliberate absence of defendants' counsel. There are only two nonjury terms of court in Tompkins County each calendar year, one in August and the other in December. This case appeared on the December, 1978 Calendar and was called ready on behalf of plaintiff. It was not reached, however, and therefore went over until the August, 1979 Term. Subsequently, defendants' original counsel advised them some weeks prior to the start of the August Term that he could no longer represent them. Defendants' new attorney was retained during the first or second week in July, 1979, which was approximately one month before the August Term opened. There was thus ample time to prepare for trial or to take appropriate steps regarding its rescheduling. No explanation, however, was given to the trial court or this court to justify the complete failure of defendants and their attorney to do so. On August 2, 1979, plaintiff appeared in court as directed, ready to proceed with the trial. Defendants appeared, but without their attorney. The court noted that the case had been carried over from the last calendar and that every day of the August Term had been filled. The Trial Judge stated that defendants' attorney had only the day before advised his law clerk that he could not appear in court and that he wished to discuss the matter with the Judge. The law clerk advised the attorney that the Judge would not unilaterally discuss the matter; the attorney responded that he did not intend to appear because he was afraid he would be forced to go to trial. The court further explained that nothing would ever be accomplished if parties expected a case to go over the term every time they changed counsel. It properly noted that defendants' attorney should have appeared in court to discuss the matter with plaintiff's counsel present, and not try to unilaterally speak with the Judge over the telephone. In proper recognition of the fact that carrying the case over to the next term would cause prejudicial delay to plaintiff (see *Wright v Defelice & Son,* 22 AD2d 962, 963), the court gave defendants the option of defaulting and moving later to vacate the default, or defending themselves on the merits. They were given permission to first consult with their attorney by telephone and were advised to inform him of the alternative they had been given. After doing so, defendants stated to the court that they wanted to proceed on the merits. The adjournment of a trial is a matter resting within the sound discretion of the Trial Judge, whose decision will not be disturbed except in cases of clear abuse *(Matter of Case,* 24 AD2d 797; Siegel, New York Practice, § 389, p

508). There is no such abuse in this case. An acceptable reason has not been submitted to justify defendants' failure to be ready for trial. On the contrary, the situation in which defendants and their attorney found themselves was completely caused by their own lack of diligence. Defendants themselves failed without explanation to promptly secure the case file and turn it over to their new attorney. The court was never advised that there had been a substitution of attorneys. Despite ample time, the new attorney failed to ascertain the calendar status of the case, failed to promptly secure the file, and then deliberately failed to appear and represent his clients when the case was called for trial. The case had already been on the calendar for nearly 10 months and would have had to wait for the next term four months away if an adjournment were granted. Indicative of the complete lack of diligence on the part of defendants' attorney is that no formal request for an adjournment was made. Defendants' attorney has yet to specify exactly what prevented him from being present and making the request when the case was reached for trial. Defendants are responsible not only for their own conduct, but also for the decisions, mistakes and omissions of their attorney (see *Greenwald v Zyvith,* 23 AD2d 201, 203). We therefore dissent.